Argued and submitted October 31, 2005, affirmed February 8, petition for review denied June 20, 2006 (341 Or 140)

# STATE OF OREGON,
*Respondent,*

*v.*

# OMAR HERRERA-LOPEZ,
aka Omar Iran Herrera-Lopez,
*Appellant.*

04C-46803, 04C-47026; A126010 (Control), A126011
(Cases Consolidated)

129 P3d 238

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Schuman and Rosenblum,* Judges.

SCHUMAN, J.

---

* Rosenblum, J., *vice* Ceniceros, S. J.

## SCHUMAN, J.

Defendant pleaded guilty to kidnapping in the first degree, ORS 163.235, and assault in the second degree, ORS 163.175.[1] The trial court sentenced him to 90 months' incarceration for the kidnapping and, consecutive to that sentence, 70 months' incarceration for the assault. Defendant contends on appeal, as he did at trial, that the trial court's imposition of consecutive sentences based on facts that were not proved to a jury beyond a reasonable doubt or admitted by him violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution as interpreted in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). The state responds that *Apprendi* and *Blakely* do not apply to facts that a trial court judge relies on to impose consecutive sentences, so long as each individual sentence is based solely on facts found by a jury or admitted by the defendant. Further, the state contends that, even if *Apprendi* and *Blakely* apply to decisions imposing consecutive sentences, the trial court did not err in the present case because, in fact, defendant's guilty plea encompassed an admission of the facts upon which the judge relied in the sentencing decision. We agree with this latter argument and therefore affirm without deciding whether *Apprendi* and *Blakely* apply to consecutive sentencing decisions.

Defendant was arrested for kidnapping a woman and assaulting her with a knife. He was subsequently indicted on two counts of kidnapping in the first degree, ORS 163.235, and one count of assault in the second degree, ORS 163.175. According to the indictment, both counts were "part[s] of the same act or transaction." Pursuant to a plea bargain, defendant pleaded guilty to the assault charge and to one of the kidnapping charges. The assault conviction carried a mandatory minimum 70-month sentence and the kidnapping conviction carried a mandatory minimum 90-month

---

[1] Defendant was tried, convicted, and sentenced in two consolidated cases. This appeal is from the sentences in one of the cases and does not involve the other case.

sentence under ORS 137.700(2)(a)(G) and (2)(a)(H), respectively. The court determined that the assault sentence would be consecutive, resulting in a 160-month period of incarceration instead of 90 months had the sentences run concurrently.

In making that determination, the court applied ORS 137.123. ORS 137.123(1) establishes the general rule that "[a] sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences[,]" and "[t]he court may provide for consecutive sentences only in accordance with the provisions of this section." The relevant provisions are ORS 137.123(4) and (5):

"(4)  When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.

"(5)  The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim * * * than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

Defendant pleaded guilty to "more than one criminal offense arising out of a continuous and uninterrupted course of conduct." Therefore, the sentences were presumptively concurrent. ORS 137.123(4). However, the court explicitly found that defendant engaged in conduct that, in the trial

court's words, "represented a willingness to commit a substantially different crime," ORS 137.123(5)(a), and that, regarding the second crime, "there was certainly more injury * * * than there was in the first," ORS 137.123(5)(b). Based on those findings, and over defendant's objection, the court declared, "consecutive sentences are appropriate."

■    The parties focus their arguments on the question whether the constitutional rules announced in *Apprendi* and *Blakely* (and refined in *United States v. Booker*, 543 US 220, 125 S Ct 738, 160 L Ed 2d 621 (2005)) impose limitations on a judge's authority to impose consecutive sentences based on a fact that was neither found by a jury nor admitted by a defendant.[2] According to defendant, the bedrock principle underlying those cases is this: Imposing punishment that is harsher than the presumptive terms established by statute based on facts that have not been found by a jury beyond a reasonable doubt violates a defendant's right to a jury trial. The presumptive punishment in this case is 90 months plus 36 months of post-prison supervision (PPS); that is so because, without the findings specified in ORS 137.123(5), defendant's sentences would have been concurrent. Defendant argues that the trial court imposed harsher punishment, *i.e.*, 160 months plus PPS, and it did so based on facts not found by a jury. Therefore, defendant concludes, the trial court erred. The state, as noted above, argues that *Apprendi* and *Blakely* are "offense specific"; so long as the sentence for each offense is based solely on facts found by a jury, defendant's right to a jury trial is intact. As an alternative position, the state argues that, even if *Apprendi* and *Blakely* apply to consecutive sentences, defendant's argument must fail

---

[2] In *Apprendi*, the Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US at 490. *Blakely* explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 US at 303 (emphasis in original). The Court also held, "When a defendant pleads guilty, the State is free to seek judicial enhancements so long as the defendant * * * stipulates to the relevant facts * * *." *Id.* at 310. *Booker* restated the holding as follows: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 US at 214, 125 S Ct at 756.

because those cases do *not* require juries to find facts that a defendant admitted; although shorthand summaries of the holdings in these cases frequently state that sentencing must be based solely on "facts found by a jury," *see, e.g., State v. Sawatzky*, 339 Or 689, 698, 125 P3d 722 (2005), that is not accurate. As noted above, sentencing lawfully can be based on admitted facts. By virtue of his guilty plea, the state argues that defendant admitted the facts upon which the court relied to impose consecutive sentences.

■ Although we recognize that the bench and Bar might be well served by a decision resolving the central constitutional issue (Do *Apprendi* and *Blakely* apply to imposition of consecutive sentences?), we nonetheless choose to decide this case on the alternative ground suggested by the state. Because we conclude below that defendant's guilty plea did, in fact, constitute an admission that could serve as the basis for imposing consecutive sentences even if *Apprendi* and *Blakely* apply, any decision regarding applicability of *Apprendi* and *Blakely* would be *dictum* and would not have any effect on defendant's rights. Defendant loses no matter what our decision on that issue would be. If the cases do not apply, no Sixth Amendment constitutional limitation is implicated and the consecutive sentences are lawful as a matter of statutory law; if the cases do apply, the consecutive sentences are lawful anyway because they are based on admitted facts. Although it is also true that, if we were to decide *Apprendi* and *Blakely* do not apply to consecutive sentencing decisions, that would obviate the need to decide whether defendant admitted the relevant facts, we believe that, when faced with a choice between, on the one hand, deciding whether existing constitutional principles apply in a particular case and, on the other, deciding whether to extend those principles into new areas, prudence counsels that we opt for the former; the development of judge-made constitutional law should proceed incrementally where that is possible.

We therefore turn to an analysis of defendant's guilty plea, which encompassed violation of two statutes: ORS 163.235, kidnapping in the first degree; and ORS 163.175, assault in the second degree. The indictment for the kidnapping count to which he pleaded guilty reads:

"**COUNT 1**—The defendant, on or about 06/01/04 in Marion County, Oregon, did then and there unlawfully, feloniously and knowingly, without consent or legal authority, take [the victim] from one place to another, with intent to interfere substantially with the said [victim's] personal liberty, and with the purpose of causing physical injury to [the victim]."

With respect to the assault charge to which he pleaded guilty, the indictment reads:

"**COUNT 3**—As part of the same act and transaction as alleged in COUNT 1 * * *, the defendant on or about 06/01/04, in Marion County, Oregon, did then and there unlawfully, feloniously and knowingly cause physical injury to [the same victim] by means of a dangerous weapon, to-wit: a knife."

In his plea petition, defendant specifically acknowledged as "the factual basis for my guilt and my plea":

"I took [the victim] from one place to another against her will to cause her physical injury and did cause her physical injury with a knife, a dangerous weapon."

The petition also contained the following admissions:

"3. I understand that by pleading GUILTY or NO CONTEST the court may impose the same punishment as if I had plead not guilty, stood trial and been convicted.

"* * * * *

"5. I know that if I plead GUILTY or NO CONTEST the **MAXIMUM** POSSIBLE SENTENCE the Court could impose is * * * 20 years imprisonment * * * for count 1; * * * 10 years imprisonment * * * for count 3 * * *.

"6. *I understand that if I plead GUILTY or NO CONTEST to more than one charge, the Court may run the sentence on each charge consecutive to one another.*"

(Boldface in original; other emphasis added.) At his subsequent change of plea hearing, defendant engaged in the following colloquy with the court:

"THE COURT: Did you go through that Plea Petition with your lawyer also?

"THE DEFENDANT: Yes.

"\* \* \* \* \*

"THE COURT: Anyone made threats or promises to get you to enter a plea today?

"THE DEFENDANT: No.

"THE COURT: *Understand the Court's not bound by any plea agreement and could impose a different sentence up to the maximum on each, run them consecutive, one right after the other, or concurrent.*

"THE DEFENDANT: Yes.

"THE COURT: To the charge in count one of Kidnapping in the First Degree how do you plead?

"THE DEFENDANT: Guilty.

"THE COURT: And to count three, Assault in the Second Degree, how do you plead?

"THE DEFENDANT: Guilty."

(Emphasis added.)

As noted above, under ORS 137.123(5)(b), a trial court may impose consecutive sentences for convictions arising out of the same transaction if, among other things, the court finds that one offense caused greater or qualitatively different injury to the victim than was caused by the other offense. Here, the court found that "there was certainly more injury" in the assault. That finding is correct and undisputed: The assault offense included the actual infliction of physical injury, whereas the kidnapping offense included only moving the victim from one place to another *for the purpose* of causing physical injury. Defendant's guilty plea and his colloquy with the court amount to admissions of that fact. Thus, under a straightforward application of the *Blakely* rule[3] as restated in *Booker*,[4] the trial court's sentence was not unconstitutional.

---

[3] "When a defendant pleads guilty, the State is free to seek judicial enhancements so long as the defendant \* \* \* stipulates to the relevant facts \* \* \*." 542 US at 310.

[4] "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the *facts established by a plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 US at 244, 125 S Ct at 756 (emphasis added).

In *State v. Harris*, 339 Or 157, 172, 118 P3d 236 (2005), the Supreme Court appears to have added a gloss to the federal case law. The court held in that case that the defendant's acknowledgment in his plea petition that he had a prior juvenile rape adjudication did not constitute a fact "admitted by the defendant" for purposes of enhancing a sentence under *Blakely*. The court noted that an "admission" is a form of waiver and, as such, "must show 'an intentional relinquishment or abandonment of a known right or privilege.'" *Id.* at 173 (quoting *Johnson v. Zerbst*, 304 US 458, 464, 58 S Ct 1019, 82 L Ed 1461 (1938)). Thus, the court concluded, an admission made in the process of a guilty plea is not an *Apprendi/Blakely* admission unless it is made "'for the purpose of dispensing with proof of a fact in issue' at sentencing." *Id.* (quoting *Foxton v. Woodmansee*, 236 Or 271, 278, 386 P2d 659 (1963)).

*Harris* does not help defendant in this case. As his plea petition and his colloquy with the trial court at the change of plea hearing demonstrate, when he pleaded guilty, and when he specifically acknowledged that the court could impose consecutive sentences, and when he admitted all of the facts necessary to justify consecutive sentences, he knew that he was relieving the state of its need to prove those facts for that purpose. Although he did not know that he was relieving the state of its need to prove the admitted facts to a jury *for purposes of sentencing*, we do not read *Harris* as imposing such a requirement, which would contradict the clear mandate of *Blakely* and *Booker* (the state can use facts established or stipulated to in a guilty plea to enhance a sentence). Indeed, in *State v. Heilman*, 339 Or 661, 670, 125 P3d 728 (2005), decided some four months after *Harris*, the court held that, because the defendant "admitted facts sufficient to support the trial court's findings that he was subject to an enhanced sentence," he "foreclose[d] any relief under *Apprendi*," even though he quite clearly did not admit those facts with the knowledge that doing so waived his right to have the facts proved to a jury for purposes of sentencing. The clear implication of *Heilman* is that admitted facts can be used in sentencing even when the admission was not made for that purpose. Thus, even if *Blakely* and *Apprendi* apply to

imposition of consecutive sentences, the trial court did not violate defendant's right to a jury trial.

Affirmed.