Submitted on record and briefs October 31, affirmed December 6, 2006

STATE OF OREGON,
*Respondent,*

*v.*

CRUZ MARGARITO GORDIAN,
aka Margarito Gordian-Cruz,
*Appellant.*

990210CR; A125945

149 P3d 190

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Rebecca A. Duncan, Chief Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of three counts of first-degree sexual abuse, ORS 163.427, based on his plea of guilty, and was sentenced on each offense to a 20-month presumptive prison term, with each sentence to run consecutively. Defendant argued to the sentencing court, and reasserts on appeal, that the court could not impose consecutive sentences based on facts neither found by a jury nor admitted by defendant, citing *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We need not reach the question whether, as a general matter, the rule of law announced in *Blakely* applies to findings made in support of consecutive sentences. Under ORS 137.123(2), a court is not required to make findings to support imposition of consecutive sentences if the crimes did not "arise from the same continuous and uninterrupted course of conduct," *i.e.*, in the same criminal episode. Here, the three counts of sexual abuse to which defendant pleaded guilty were alleged in the indictment to have occurred during separate criminal episodes. Thus, to the extent that *Blakely* is implicated by consecutive sentencing, we conclude that the sentences in this case fall within the exception enunciated in *Blakely* for sentences based on facts admitted by a defendant. *See generally State v. Herrera-Lopez*, 204 Or App 188, 129 P3d 238, *rev den*, 341 Or 140 (2006).

Affirmed.