On appellant's petition for reconsideration filed February 14, petition for
reconsideration of opinion (215 Or App 7, 168 P3d 291 (2007)),
denied April 16, 2008

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### FERNANDO DOMINGUEZ-CORONADO,
*Defendant-Appellant.*

Marion County Circuit Court
04C50555; A128779

182 P3d 322

Meredith Allen, Deputy Public Defender, Office of Public
Defense Services, for petition.

Before Landau, Presiding Judge, and Schuman, Judge,
and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

In May 2005, defendant was convicted of two counts of delivery of a controlled substance. *Former* ORS 475.992(4)(a) (2003), *renumbered as* ORS 475.840 (2005). He appealed, arguing in his sole assignment of error that the trial court erred in failing to merge the convictions. In September 2007, we issued a decision in which we determined that defendant had failed to preserve that issue and that it did not constitute plain error; we therefore affirmed his convictions. *State v. Dominguez-Coronado*, 215 Or App 7, 168 P3d 291 (2007).

In April 2007, however, the Supreme Court had issued its decision in *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), in which it held that the admission of laboratory reports identifying a controlled substance without making available for cross-examination the persons who prepared the reports violated the defendant's state constitutional right of confrontation. In October 2007, in *State v. Marroquin*, 215 Or App 330, 168 P3d 1246 (2007), this court granted the defendant's petition for reconsideration, withdrew our original decision in that case, applied the principle announced in *Birchfield*, and reversed the defendant's convictions as to which his confrontation right had been violated.

■      Defendant now petitions for reconsideration of our opinion in his case, asserting that, consistently with *Birchfield*, the trial court erred in admitting a laboratory report in violation of his state constitutional right of confrontation. Unlike the defendant in *Marroquin*, however, defendant did not raise that issue in his original appeal. Thus, he does not ask us to reconsider anything that we considered or decided in our original opinion. Instead, his assertion regarding his Confrontation Clause right constitutes an entirely new assignment of error, raised for the first time on reconsideration.

■      ORAP 6.25(1) permits a party to obtain "reconsideration" of an opinion of this court based on

"(a)   A claim of factual error in the decision;

"(b)   A claim of error in the procedural disposition of the appeal requiring correction or clarification to make the disposition consistent with the holding or rationale of the decision or the posture of the case below;

"(c)   A claim of error in the designation of the prevailing party or award of costs;

"(d)   A claim that there has been a change in the statutes or case law since the Court of Appeals' decision; or

"(e)   A claim that the Court of Appeals erred in construing or applying the law. Claims addressing legal issues already argued in the parties' briefs and addressed by the Court of Appeals are disfavored."

In this case, defendant contends that his petition for reconsideration is supported by a "change in the * * * case law," namely, the Supreme Court's decision in *Birchfield* as applied in *Marroquin*. A "change in the * * * case law," however, authorizes *reconsideration* of a prior opinion of this court on matters that already have been put before it. It does not provide a basis for asserting an entirely new claim of error not previously asserted. *See State v. Schneider*, 204 Or App 710, 713-14, 131 P3d 842 (2005), *rev den*, 341 Or 392 (2006) (declining to address, for the first time on reconsideration, an assertion that the trial court committed plain error in accepting the defendant's concession of a matter at trial); *Kinross Copper Corp. v. State of Oregon*, 163 Or App 357, 360, 988 P2d 400 (1999), *rev den*, 330 Or 71 (2000) ("If a contention was not raised in the brief[,] * * * it is not appropriate to assert it on reconsideration.").

Petition for reconsideration denied.