On appellant's petition for reconsideration filed February 14, and respondent's response to appellant's petition for reconsideration filed February 15, affirmed without opinion (213 Or App 587, 162 P3d 1095, *rev den*, 343 Or 366 (2007)), petition for reconsideration denied April 30, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JOHN THOMAS CALLAHAN,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR040178; A126511

183 P3d 228

Ernest G. Lannet, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General, for response.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of eight counts of sexual abuse in the first degree. ORS 163.427. The trial court imposed consecutive sentences based on its own findings of fact under ORS 137.123(2). Defendant appealed. His single assignment of error was that the trial court should not have admitted certain evidence that his computer had been used to conduct searches for pornography depicting young women who appeared to be between the ages of 12 and 18. We affirmed without opinion. *State v. Callahan*, 213 Or App 587, 162 P3d 1095, *rev den*, 343 Or 366 (2007). Following that, the Supreme Court issued its decision in *State v. Ice*, 343 Or 248, 267, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), in which it held that the federal constitutional right to a jury trial entitles a defendant to a jury finding regarding the factual predicate for ordering the imposition of consecutive sentences.

Defendant now moves for reconsideration of our decision. In his request for reconsideration, defendant does not ask us actually to reconsider anything that we considered in our original decision. Instead, he advances, for the first time, the contention that his sentences should be vacated and remanded for resentencing. The state objects on the ground that the rules of appellate procedure do not entitle a party to "reconsideration" of a decision that this court never made.

We agree with the state. ORAP 6.25 authorizes a petition for "reconsideration," not a petition for an opportunity to assert entirely new assignments of error. *State v. Dominguez-Coronado*, 219 Or App 315, 317-18, 182 P3d 322 (2008).

Petition for reconsideration denied.