Argued and submitted January 31, affirmed July 30, appellant's petition for reconsideration filed November 21 allowed by opinion December 24, 2008
See 224 Or App 493, _____ P3d _____ (2008)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHN DWIGHT WESTBROOK,
*Defendant-Appellant.*

Lane County Circuit Court
2004-23125, 2004-23277, 2005-05744,
2004-23624, 2005-05745, 2005-07054
A128352 (Control); A128353, A128354,
A129155, A129156, A129157

190 P3d 437

Mary-Shannon Storey, Deputy Public Defender, argued the cause for appellant. With her on the brief were Ingrid Swenson, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Riggs, Senior Judge.*

HASELTON, P. J.

---

* Riggs, S. J., *vice* Rosenblum, J.

## HASELTON, P. J.

Defendant, who was convicted of multiple crimes in six consolidated cases,[1] challenges the sentencing court's imposition of consecutive sentences on three of his convictions for first-degree burglary, ORS 164.225, arguing that he was entitled under the Sixth Amendment to the United States Constitution to a jury determination of facts to support the imposition of consecutive sentences. *See Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004); *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000); *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ____ US ____ , 128 S Ct 1657 (2008). As explained below, we conclude that defendant admitted the facts necessary to justify the consecutive sentences. Accordingly, we affirm.

The three sentences challenged on appeal all arose from one of the consolidated cases. In that case, defendant pleaded guilty to four counts of first-degree burglary as well as other offenses not at issue on appeal. The counts on which the consecutive sentences were imposed were pleaded as follows:

### "COUNT 4

"The defendant, on or about November 30, 2004, in Lane County, Oregon, in a transaction and occurrence separate and distinct from that alleged in Count 1 through 3, did unlawfully and knowingly enter or remain in an occupied dwelling located at 3388 St. Croix Street, Eugene, Oregon, with intent to commit the crime of theft therein; contrary to statute and against the peace and dignity of the State of Oregon;

"* * * * *

---

[1] In the consolidated criminal cases, defendant was convicted of 13 counts of first-degree burglary, ORS 164.225; seven counts of first-degree theft, ORS 164.055; three counts of possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005); two counts of second-degree theft, ORS 164.045; two counts of felon in possession of a firearm, ORS 166.270; one count of first-degree failure to appear, ORS 162.205; one count of attempted first-degree burglary, ORS 164.225; one count of unlawful possession of a short-barreled shotgun, ORS 166.272; one count of first-degree criminal mischief, ORS 164.365; one count of first-degree forgery, ORS 165.013; and one count of second-degree forgery, ORS 165.007.

## "COUNT 6

"The defendant, on or about November 30, 2004, in Lane County, Oregon, in a transaction and occurrence separate and distinct from that alleged in Count 1 through 5, did unlawfully and knowingly enter or remain in an occupied dwelling located at 2601 Erin Way, Eugene, Oregon, with intent to commit the crime of theft therein; contrary to statute and against the peace and dignity of the State of Oregon;

## "COUNT 7

"The defendant, on or about November 30, 2004, in Lane County, Oregon, in a transaction and occurrence separate and distinct from that alleged in Count 1 through 6, did unlawfully and knowingly enter or remain in a dwelling located at 2790 St. Lucia Street, Eugene, Oregon, with intent to commit the crime of theft therein; contrary to statute and against the peace and dignity of the State of Oregon."

In his plea petition, defendant acknowledged that "I committed these crimes as set out in these two indictments," with an exception that did not involve the case at issue in this appeal. The court verified that defendant understood the rights he was giving up, confirmed that defendant had signed the plea petition, and then accepted defendant's guilty plea.

At sentencing, the prosecutor described Count 4 as involving the home of an elderly couple, the Mocks, who lived on St. Croix Street and who were at home during the burglary but were not aware at the time that defendant had broken in and taken jewelry and other items. The prosecutor described Count 6 as involving the home of Mr. Singer, who lived on Erin Way, and who was home when defendant broke in. Finally, the prosecutor described Count 7 as a burglary of the Sherrys' residence located on St. Lucia Street, where a neighbor witnessed defendant entering the garage. The prosecutor asserted that the sentences for those crimes should be consecutive to each other.

Defense counsel responded that, under the Sixth Amendment as interpreted in *Blakely* and *Apprendi*, the court could not impose those sentences consecutively,

because imposition of consecutive sentences would require judicial factfinding pursuant to ORS 137.123. The court imposed the sentences consecutively, apparently relying, at least in part, on Article I, section 44(1)(b), of the Oregon Constitution, which provides that "[n]o law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims."[2] Defendant then further objected, noting that any determination that the crimes involved separate victims would require factfinding, and, consequently, would run afoul of the Sixth Amendment as interpreted in *Blakely* and *Apprendi*. The trial court, in response, ultimately specified that it was finding that "the transactions and occurrences took place as laid out in the state's recommended sentencing structure."[3]

On appeal, defendant asserts that, although the sentencing court's determination that the crimes were committed against different victims satisfies the criteria of ORS 137.123(5)(b),[4] that determination represents impermissible judicial factfinding under the Sixth Amendment, as interpreted by the Oregon Supreme Court in *Ice. See Ice*, 343 Or 248 (judicial factfinding in support of consecutive sentences made under ORS 137.123(2) and (5) violates the Sixth Amendment).

The state makes two responses. First, the state argues that the sentencing court correctly relied on Article I, section 44(1)(b), and determined that ORS 137.123 cannot "limit a court's authority to sentence a criminal defendant

---

[2] The court did not cite that specific provision but, nonetheless, described it accurately.

[3] The state had filed a document entitled "Recommended Sentencing Structure and Sentence Recommendations." That document asserted that Counts 4, 6, and 7 were distinct occurrences.

[4] ORS 137.123(5) provides, in part:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"* * * * *

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

consecutively for crimes against different victims." Second, the state argues that consecutive sentences were permissible because there is an exception to the rule established by *Blakely* and *Apprendi* for facts "admitted by the defendant." *Blakely*, 542 US at 303.

With respect to the latter argument, the state contends that, because defendant admitted to the charges in the indictment as set forth above, defendant admitted the facts necessary to support a consecutive sentence pursuant to ORS 137.123(2).[5] In particular, the state asserts that, by pleading to counts that were described in the indictment as "separate and distinct from" each other, defendant acknowledged that the offenses did not arise from "the same continuous and uninterrupted course of conduct" for purposes of ORS 137.123(2). Finally, the state posits that, because the sentencing court specified that the transactions and occurrences took place as set forth in the state's sentencing document, *see* 221 Or App at 437 n 3, the court, in imposing sentence, made a finding sufficient under ORS 137.123(2) that Counts 4, 6, and 7 did not arise from the "same continuous and uninterrupted course of conduct."

We agree with the state's second argument, and, consequently, need not address its first argument. Although the language in the indictment to which defendant admitted—that the crimes occurred during transactions or occurrences that were "separate and distinct" from one another—is not identical to the "continuous and uninterrupted course of conduct" language in ORS 137.123(2), we have held in the past that such language in an indictment does, in fact, satisfy ORS 137.123(2). *See State v. Gordian*, 209 Or App 600, 149 P3d 190 (2006); *State v. Yarbor*, 133 Or App 360, 891 P2d 703, *rev den*, 321 Or 513 (1995).

---

[5] ORS 137.123(2) provides:

"If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, or if the defendant previously was sentenced by any other court within the United States to a sentence which the defendant has not yet completed, the court may impose a sentence concurrent with or consecutive to the other sentence or sentences."

In *Yarbor*, the defendant pleaded guilty to two counts of first-degree sexual abuse. 133 Or App at 362. At sentencing, the defendant argued that the court could not impose consecutive sentences, because there was no evidence that the crimes were not part of a continuous and uninterrupted course of conduct for purposes of ORS 137.123. *Id.* at 363. We rejected that argument, noting that "[t]he indictment, to which defendant pled guilty, specifically alleged that each crime was 'part of a separate act and transaction.' " *Id. See also Gordian*, 209 Or App at 601 (imposition of consecutive sentences was not erroneous under *Blakely* where the crimes to which the defendant pleaded guilty were alleged in the indictment to have occurred during "separate criminal episodes": "[T]o the extent that *Blakely* is implicated by consecutive sentencing, we conclude that the sentences in this case fall within the exception enunciated in *Blakely* for sentences based on facts admitted by a defendant.").[6]

Given those holdings, the above-quoted indictment language, and the contents of defendant's plea agreement, we conclude that the sentencing court properly imposed consecutive sentences on Counts 4, 6, and 7 pursuant to ORS 137.123(2), because the sentence was permissible in light of the facts admitted by defendant.

Affirmed.

---

[6] We note that the Supreme Court has accepted review of a case in which we affirmed without opinion the trial court's imposition of consecutive sentences after a jury convicted the defendant of two counts of the same offense and the indictment alleged that the latter arose from an act and transaction separate and distinct from the former. *State v. Hagberg*, 211 Or App 712, 156 P3d 174 (2007), *rev allowed*, 344 Or 43 (2008).