On petitions for review filed July 9 (S056256),* July 15 (S055025),** July 15 (S055324),*** petitions for review denied October 23, 2008

STATE OF OREGON,
*Respondent on Review,*

*v.*

FERNANDO DOMINGUEZ-CORONADO,
*Petitioner on Review.*

(CC 04C50555; CA A128779; SC S056256)

STATE OF OREGON,
*Respondent on Review,*

*v.*

MARC MEALEY HOLCOMB,
*Petitioner on Review.*

(CC 99122871; CA A116966; SC S055025)

STATE OF OREGON,
*Respondent on Review,*

*v.*

JESS MONRO WATTS,
aka, Mark Monro Rosenthaw,
*Petitioner on Review.*

(CC C040170CR; CA A128644 (Control)

STATE OF OREGON,
*Respondent on Review,*

*v.*

MARK MONRO ROSENTHAW,
aka, Jess Monro Watts,
*Petitioner on Review.*

(CC C0402446CR; CA A128645; SC S055324)
(Cases Consolidated for Opinion)

198 P3d 908

---

* Appeal from Marion County Circuit Court, Albin W. Norblad III, Judge. 219 Or App 315, 182 P3d 322 (2008).

** Order of the presiding judge denying petition for reconsideration dated May 21, 2008.

*** Order of the presiding judge denying petition for reconsideration dated April 23, 2008.

Meredith Allen, Senior Deputy Public Defender, Salem, filed the petition for review for petitioner Dominguez-Coronado. With her on the petition was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Eric Johansen, Senior Deputy Public Defender, Salem, filed the petitions for review for petitioners Holcomb, Watts, and Rosenthaw. With him on the petition was Peter Gartlan, Chief Defender, Office of Public Defense Services.

No appearance *contra*.

PER CURIAM

Gillette, J., concurred and filed an opinion, in which Walters, J., joined.

**GILLETTE, J.,** concurring.

The court today denies petitions for review in three cases, *State v. Dominguez-Coronado*, 219 Or App 315, 182 P3d 322 (2008), *State v. Holcomb*, order of the presiding judge denying petition for reconsideration dated May 21, 2008, and *State v. Watts*, order of the presiding judge denying petition for reconsideration dated April 23, 2008. I concur in those decisions, but write separately to call to the attention of the Court of Appeals a concern that that court may be misinterpreting the scope of its authority to reconsider its decisions.

Each of these three cases involved a criminal defendant's request to the Court of Appeals to reconsider the court's earlier decision in each defendant's case. Reconsideration of a decision by the Court of Appeals is governed by Oregon Rule of Appellate Procedure (ORAP) 6.25, which provides, in part:

"(1)   * * * A party seeking reconsideration of a decision of the Court of Appeals shall file a petition for reconsideration. A petition for reconsideration shall be based on one or more of these contentions:

"* * * * *

"(d)   a claim that there has been a change in the statutes or case law since the Court of Appeals' decision[.]"

Each defendant's petition for reconsideration arose out of essentially parallel facts. Each had been charged with offenses, proof of which involved (in part) evidence of the result of scientific tests. In each case, the state had offered the evidence through a laboratory report prepared by a criminalist; the criminalist did not testify. In no case did the defendant object at the time to that procedure. Each defendant was convicted. Each appealed to the Court of Appeals. None made any issue of the laboratory reports being admitted without supporting testimony from a criminalist. The Court of Appeals affirmed on each appeal.

Shortly after the appeals were decided, and while petitions for review in each case were pending before this court, this court issued its opinion in *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), in which the court held that a

trial court's admission of a laboratory report without requiring the state to produce at trial the criminalist who prepared the report violated a defendant's right to confront witnesses against him or her under Article I, section 11, of the Oregon Constitution.[1] *Id.* at 631-32. Thereafter, each of the present petitioners sought reconsideration by the Court of Appeals under ORAP 6.25(1)(d), asserting that the court should reconsider each case and hold that there had been error in each under *Birchfield*.

The Court of Appeals denied reconsideration in each of the three cases. It stated its rationale for denial of reconsideration in *Dominguez-Coronado*:[2]

"In this case, defendant contends that his petition for reconsideration is supported by a 'change in the * * * case law,' namely, the Supreme Court's decision in *Birchfield* * * *. A 'change in the * * * case law,' however, authorizes *reconsideration* of a prior opinion of this court on matters that already have been put before it. It does not provide a basis for asserting an entirely new claim of error not previously asserted."

*Dominguez-Coronado*, 219 Or App at 318 (emphasis and ellipses in original). The present petitions for review followed.

For my part, I do not find justification in either the text or context of ORAP 6.25(1) for the Court of Appeals' conclusion that the alleged error that is the basis for the petition for reconsideration must be one that "already [has] been put before" the Court of Appeals. The text of ORAP 6.25(1) provides, without limitation, for "reconsideration *of a decision* of the Court of Appeals." (Emphasis added.) In my view, nothing in that wording confines the Court of Appeals' reconsideration to arguments that already had been made to that court, but which had acquired new legitimacy due to changes in statute or case law. *See Kentner v. Gulf Ins. Co.*, 298 Or 69, 75, 689 P2d 955 (1984) (court chose to reconsider prior opinion on basis of moving party's argument never advanced until

---

[1] Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face[.]"

[2] The court denied reconsideration in each of the other cases in orders citing *Dominguez-Coronado*.

petition for reconsideration). It thus appears to me that the Court of Appeals' view that there is no legal basis for reconsidering these defendants' petitions for review probably is incorrect.

That said, however, I concur with this court's choice not to allow any of the three petitions for review. I take that view because, unlike the situation in *Birchfield* (the case on which the petitioners rely), none of the petitioners in the three cases now before us objected to the admissibility of the laboratory report as hearsay or notified the state that he wanted the state to produce the criminalist at trial. *Birchfield* did not obviate those requirements. It follows that remand of these cases to the Court of Appeals for reconsideration, when good reason exists for that court to deny reconsideration, would be asking that court to make an unwarranted expenditure of its precious judicial time.

I concur.

Walters, J., joins in this concurring opinion.