On appellant's petition for reconsideration filed November 21, reconsideration allowed; former opinion (221 Or App 433, 190 P3d 437) vacated; in case A128352, convictions affirmed, remanded for resentencing; in cases A128353, A128354, A129155, A129156, and A129157, affirmed December 24, 2008, respondent's petition for reconsideration filed January 28, allowed by opinion March 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN DWIGHT WESTBROOK,
*Defendant-Appellant.*

Lane County Circuit Court
2004-23125, 2004-23277, 2005-05744,
2004-23624, 2005-05745, 2005-07054;
A128352 (Control), A128353, A128354,
A129155, A129156, A129157

199 P3d 343

494

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Riggs, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant petitions for reconsideration of our decision in *State v. Westbrook*, 221 Or App 433, 190 P3d 437 (2008), arguing that its rationale is not consistent with the Oregon Supreme Court's decision in *State v. Hagberg*, 345 Or 161, 190 P3d 1209 (2008), which issued the day after our opinion issued. As explained below, we agree with defendant that *Hagberg* requires us to revisit our conclusion in the prior proceeding. Accordingly, we allow reconsideration, remand case A128352 for resentencing, and affirm all of defendant's convictions as well as his remaining sentences in the other consolidated cases involved in this appeal.

■　In case A128352, defendant entered into a plea agreement, admitting that he committed three crimes of first-degree burglary as set out in the indictment, which specified in pertinent part that, in transactions and occurrences "separate and distinct" from one another, he burglarized an occupied dwelling on St. Croix Street in Eugene, an occupied dwelling on Erin Way in Eugene, and a dwelling on St. Lucia Street in Eugene. All of the offenses were alleged to have occurred on or about November 30, 2004. Initially, we concluded that defendant, by admitting that the counts described in the indictment were "separate and distinct" from one another, admitted to the facts necessary to support consecutive sentences under ORS 137.123(2), and, thus, the sentences were not unconstitutional under *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008). *Westbrook*, 221 Or App at 438-39. Given our conclusion, we did not reach the question whether Article I, section 44(1)(b), of the Oregon Constitution,[1] obviated any need for further factfinding under these circumstances. *Id.* at 438.

In *Hagberg*, the Oregon Supreme Court considered whether a jury had necessarily found the requisite facts for consecutive sentencing pursuant to ORS 137.123(2), given that (1) the indictment in that case had alleged that the

---

[1] Article I, section 44(1)(b), provides:

"No law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims."

crimes had occurred in transactions "separate and distinct" from one another and (2) the jury had been instructed that it needed to find that the counts were "separate and distinct." 345 Or at 163, 171. The court rejected the state's contention that the "separate and distinct" instruction connoted that the crimes did not arise from a "continuous and uninterrupted course of conduct," as required by ORS 137.123(2). *Id.* at 171-72. Accordingly, the Supreme Court concluded that the jury had not necessarily found facts necessary to support the imposition of consecutive sentences. *Id.* at 172.

Given its analysis and disposition, we conclude that the Supreme Court in *Hagberg* rejected our rationale in *Westbrook*.[2] Although this case involved a guilty plea rather than a jury trial, we see no significant distinction: If the "separate and distinct" jury finding was insufficient to support a finding under ORS 137.123(2), then a "separate and distinct" admission by a criminal defendant is similarly inadequate.

■ Because our original opinion rested on a legally erroneous ground, we must now address the state's alternative argument that we did not reach in our earlier decision. As we noted in our prior opinion, the state argued, and the trial court specifically found, that consecutive sentences were authorized by Article I, section 44(1)(b)—that is, that the crimes were "against different victims"—and, thus, no finding was necessary as to whether the crimes arose from a "continuous and uninterrupted course of conduct." In the abstract, we agree with the state and the trial court as to that point. That is, because, as provided in Article I, section 44(1)(b), "[n]o law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims," ORS 137.123(2) cannot place a restriction on consecutive sentencing if the crimes involved separate victims.

■ The problem with the application of Article I, section 44(1)(b), under these circumstances is, as defendant noted in the trial court, that the indictment did not allege (and defendant did not admit) that the relevant crimes involved separate victims. When an error involves a deprivation of the

---

[2] The state makes no argument that this case can be distinguished from *Hagberg*.

Sixth Amendment right to a jury determination of facts necessary to support sentences, we must remand for resentencing unless we can conclude that the error is harmless beyond a reasonable doubt. *Washington v. Recuenco,* 548 US 212, 126 S Ct 2546, 165 L Ed 2d 466 (2006); *see also Delaware v. Van Arsdall,* 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986) (an error meets the federal constitutional harmless error standard when the "reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt"). Here, we cannot so conclude.

■     In this case, the evidentiary record as to the circumstances of defendant's crimes is scant. To be sure, it is highly unlikely that three burglaries of three separate dwellings (two occupied and one unoccupied) on the same date involved even a single common victim, *e.g.,* a common resident or owner. But "highly unlikely," as an abstract matter, is not the constitutionally compelled standard of harmless error. Accordingly, we must remand this case (A128352) for resentencing.

Defendant also argues on reconsideration that, although he did not assign error on appeal to sentences imposed in case number A128353 in his opening brief (and in fact did not raise any assignments of error at all concerning that case), he should be permitted to raise a new assignment of error pertaining to the sentences imposed in that case in the first instance on reconsideration. We reject that argument. *See* ORAP 5.45(1) (issue to be decided on appeal shall be raised in the form of an assignment of error in the opening brief of appellants and cross-appellants); *State v. Callahan,* 219 Or App 540, 541, 183 P3d 228, *rev den,* 345 Or 301 (2008) (ORAP 6.25 authorizes a petition for reconsideration, not a petition for an opportunity to assert new assignments of error); *State v. Dominguez-Coronado,* 219 Or App 315, 317-18, 182 P3d 322, *rev den,* 345 Or 397 (2008) (same).[3]

--------
[3] We note in passing that the errors that defendant is now attempting to assert involved consecutive sentences imposed for property crimes that he admitted committing at different locations *on different dates over the course of about a month and a half—viz.,* October 28, November 23, December 11, and December 13, 2004.

Reconsideration allowed; former opinion vacated; in case A128352, convictions affirmed, remanded for resentencing; in cases A128353, A128354, A129155, A129156, and A129157, affirmed.