On appellant's petition for reconsideration filed February 14, and respondent's response to petition for reconsideration filed February 14, reconsideration allowed; former opinion (215 Or App 199, 168 P3d 1208 (2007)) modified and adhered to as modified June 11, 2008

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### SCOTT DAVID BOWEN,
*Defendant-Appellant.*

Multnomah County Circuit Court
040935242; A129141

185 P3d 1129

Erin Galli and Chilton, Ebbett & Galli, LLC, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, for response.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant petitions for reconsideration in this criminal case, arguing that we erred in rejecting his challenge to consecutive sentences based on the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), that facts used to enhance a penalty for a crime, other than prior convictions or facts admitted by the defendant, must be found by a jury beyond a reasonable doubt. *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007) (relying on *State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006)).[1] Defendant notes that, subsequent to our affirmance of his sentence, the Oregon Supreme Court held that the rule of law from *Apprendi* and *Blakely* applied to facts used to support consecutive sentences. *See State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008); *see also State v. Tanner*, 343 Or 554, 173 P3d 831 (2007) (vacating and remanding in light of *Ice*).

The state, while maintaining that *Ice* was decided incorrectly, acknowledges that *Ice* is controlling here as to the legal principle, but urges this court to nonetheless affirm defendant's sentence on the ground that any error in failing to obtain a jury finding in support of consecutive sentences was "harmless beyond a reasonable doubt." *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967). *See Washington v. Recuenco*, 548 US 212, 126 S Ct 2546, 165 L Ed 2d 466 (2006) (*Apprendi* error and failing to submit sentence-enhancement facts to a jury is not "structural error" and is subject to federal harmless-error analysis); *State v. Bray*, 342 Or 711, 724-26, 160 P3d 983 (2007) (applying federal harmless-error formulation in determining that *Apprendi/Blakely* error was not harmless: "[W]e cannot say that no reasonable juror could draw any conclusion other than [the existence of the enhancing factor] from this record.").

In this case, defendant was charged with five counts of first-degree sexual abuse, ORS 163.427, and one count of

---

[1] We rejected two additional assignments of error raised by defendant. Our disposition of those assignments of error is not at issue on reconsideration. Accordingly, we adhere to our former opinion with respect to those assignments of error.

first-degree sodomy, ORS 163.405, alleged to have occurred between December 30, 1991 and December 29, 2000. Defendant further was charged with an additional count of first-degree sodomy, as well as first-degree rape, alleged to have occurred between December 29, 2000 and December 4, 2002. A jury found defendant guilty on all charges. Over defendant's objection that *Blakely* required jury findings in support of consecutive sentences, the sentencing court found that none of the crimes arose from a continuous and uninterrupted course of conduct, ORS 137.123(2), and imposed consecutive sentences on four of the crimes.

On appeal, defendant assigned error to the court's imposition of consecutive sentences, arguing that judicial factfinding in support of consecutive sentences under ORS 137.123(2) runs afoul of *Blakely* and *Apprendi*. As noted, that is correct. *See Ice*, 343 Or at 263.

The state responds that the error was harmless beyond a reasonable doubt, because the testimony of the victim of the offenses "clearly established that each of the offenses was a separate incident; that is, they each occurred at different times and at different locations over a period of years." *See generally State v. Cook*, 340 Or 530, 544, 135 P3d 260 (2006) (describing federal constitutional harmless error standard).

We agree with the state. A detailed discussion of the facts would be of no benefit to the bench, the bar, or the public. Suffice it to say that the evidence at trial established eight incidents of sexual contact between defendant and the victim, which occurred when the victim was between the ages of approximately six and 15. Those incidents, as demonstrated by overwhelming evidence in the record, were so distinct from one another that we can say with complete confidence that the jury would have found that the offenses did not occur as part of a continuous and uninterrupted course of conduct if it had been asked to determine that matter. That is, on this record, no reasonable factfinder could have determined otherwise. *Accord Neder v. United States*, 527 US 1, 16, 119 S Ct 1827, 144 L Ed 2d 35 (1999) (determining that failure to submit an element of an offense to the jury was "harmless beyond a reasonable doubt" where "no jury could reasonably

find" that the government had failed to prove that element). Accordingly, because the asserted error was harmless beyond a reasonable doubt, we affirm.

Reconsideration allowed; former opinion modified and adhered to as modified.