Submitted on the record February 14, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings July 31, reconsideration denied October 3, 2008

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## CHRISTOPHER LOUIS HAGBERG,
*Petitioner on Review.*

(CC 2004-13017; CA A128398; SC S054997)

190 P3d 1209

Kendra M. Matthews, of Ransom Blackman LLP, Portland, submitted the brief for petitioner on review.

Timothy A. Sylwester, Assistant Attorney General, Salem, filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

**GILLETTE, J.**

This is a criminal case in which defendant was charged with and convicted of eight sexual offenses committed against his girlfriend's daughter. All of the offenses were subject to mandatory minimum sentences and, at sentencing, the trial court imposed the mandatory minimum sentence for each offense. However, the trial court also chose, over defendant's timely constitutional objection, to make one of the sentences consecutive to another, and to make those two sentences concurrent with the other six. Defendant appealed to the Court of Appeals, arguing that, under Oregon law, the trial judge could not impose a consecutive sentence unless the judge made certain factual findings. He acknowledged that the judge had made the requisite findings, but he argued that such fact-finding by a judge violated his right to a jury trial under the Sixth Amendment to the United States Constitution. The Court of Appeals affirmed defendant's convictions and sentences without opinion. *State v. Hagberg*, 211 Or App 712, 156 P3d 174 (2007). We allowed defendant's petition for review and now reverse the decision of the Court of Appeals.[1]

The following facts are undisputed. In 2004, defendant was charged with various crimes in an eight-count indictment that included, among other things, two counts of first-degree rape:

"[Count 1] The defendant, on or between January 1, 2001 to April 27, 2004, in Lane County, Oregon, did unlawfully and knowingly engage in sexual intercourse with [the victim], whose date of birth is November 6, 1996 * * *.

"[Count 2] *In an act and transaction separate and distinct from that alleged in count 1*, the defendant, on or between January 1, 2001 to April 27, 2004, in Lane County, Oregon, did unlawfully and knowingly engage in sexual intercourse with [the victim], whose date of birth is November 6, 1996 * * *."

(Emphasis added.)

---

[1] In his petition for review, defendant raises certain other issues. However, as we informed the parties when we allowed the petition for review, we limit our review to whether the trial court erred in imposing a consecutive sentence.

At the close of the trial on those charges, the court gave the jury a standard set of instructions describing the jury's duties. With respect to Count 2, the court instructed the jury as follows:

"Oregon law provides that a person commits the crime of rape in the first degree if the person knowingly has sexual intercourse with another person[,] and if the other person is under 12 years old.

"In this case, to establish the crime of rape in the first degree, Count 2, the State must prove beyond a reasonable doubt, in a separate and distinct act from that alleged in Count 1, the following four elements: * * *."

The court instructed the jury as to the meaning of "knowingly" and "sexual intercourse," but it gave no instruction defining the concept of "separate and distinct act." Neither side asked for such an instruction and neither objected to the failure to give one. The jury returned general verdicts finding defendant guilty on both Count 1 and Count 2, as well as on the other six counts. It did not return a special verdict on the "separate and distinct act" allegation.

At sentencing, the trial court imposed concurrent sentences on Counts 3 through 8. Respecting the first two counts, however, the court stated:

"It's the finding of this court as follows and the court's order as follows:

"With regard to Count 1, Rape in the First Degree, you'll be sentenced to 100 months in the Department of Corrections.

"In Count 2, Rape in the First Degree, you'll be sentenced to 100 months in the Department of Corrections. The court analysis is that *Blakely* does not apply in this case.

"At the same time, the court, having read the jury instructions that Count 2 is a separate and distinct act from Count 1, the court makes that finding that it is a separate and distinct act as well.

"The jury has made that finding in fact. And the court is sentencing you on Count 2 as consecutive to Count 1."

Defendant appealed, assigning error to, among other things, the consecutive sentences. The Court of Appeals affirmed without opinion.

Before this court, defendant argues that, under the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000) and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and this court's decision in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ____ US ____, 128 S Ct 1657, 170 L Ed 2d 353 (2008), any fact that increases a penalty beyond that otherwise permissible under state law, including any fact necessary to impose a consecutive sentence, must be admitted by the defendant or found by a jury beyond a reasonable doubt.[2] In this case, he contends, the jury did not make any of the findings that the applicable statute makes essential to the imposition of a consecutive sentence and, therefore, the trial court's ruling requiring the sentence on Count 2 to run consecutive to the sentence imposed on Count 1 is unlawful.

In Oregon, a trial court's authority to impose consecutive sentences is limited by statute. That statute, ORS 137.123, begins by stating the general (default) rule in ORS 137.123(1), which provides:

> "A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. *The court may provide for consecutive sentences only in accordance with the provisions of this section.* A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences."

(Emphasis added.) The statute then describes the various circumstances under which the sentencing court may impose one or more consecutive sentences:

---

[2] In 2005, the Oregon legislature enacted a statute, now codified at ORS 136.760 to 136.792, which provides procedures for notifying defendants of the state's intent to use "enhancement facts" to increase the sentence that may be imposed for a conviction, and for submission of such facts to the jury. This case was tried before the effective date of that statute, and it therefore plays no role in our analysis.

"(2) If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, * * * the court may impose a sentence concurrent with or consecutive to the other sentence or sentences.

"* * * * *

"(4) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.

"(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

■ If a defendant is simultaneously sentenced for two convictions that "do *not* arise from the same continuous and uninterrupted course of conduct," the court "may," in the court's discretion, impose the sentences consecutively. ORS 137.123(2) (emphasis added). On the other hand, if two convictions *do* arise out of a "continuous and uninterrupted course of conduct," the sentences on those convictions "shall be concurrent" unless certain other facts are present. ORS 137.123(4). In summary: A trial court's decision to impose consecutive sentences requires a particular factual underpinning, *viz.*, whether the two crimes *did not* arise out of a continuous and uninterrupted course of conduct, or whether

they did. But—and this is a key to this case—there is *no factual default assumption* in the statutory arrangement: The particular factual predicate for consecutive sentences must be found specifically.

In *Ice*, this court considered whether and to what extent ORS 137.123 operates to permit judicial, as opposed to jury, factfinding in a manner that violates the Sixth Amendment to the United States Constitution. In that case, the defendant was convicted of twice committing first-degree burglary by entering the apartment of the victim, an 11-year-old child, with the intent to commit sexual abuse therein. The jury also found the defendant guilty of four counts of first-degree sexual abuse, based on allegations that, during each burglary, defendant committed two acts of first-degree sexual abuse by touching different parts of the child's body. In sentencing the defendant, the trial court found that the first burglary charge and the two related sexual abuse charges occurred within a single criminal episode, which ordinarily would require that the sentences on those convictions be concurrent unless the court made certain additional factual findings. The trial court determined, however, that consecutive sentences were appropriate, because it found that the burglary and the sexual abuse were not merely incidental violations of a separate statutory provision but, rather, indicated the defendant's willingness to commit more than one criminal offense. The trial court also found that the defendant caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim when he committed first-degree sexual abuse than he had done in committing burglary. In addition, the trial court found that the second burglary was a "second separate incident" from the first and, thus, did not "arise from the same continuous and uninterrupted course of conduct." The court then ordered that the sentence on that conviction run consecutively to the other sentences. Finally, it ordered the sentence on one of the sexual abuse convictions during that second burglary to run consecutive to the sentence for the second burglary, applying the same reasoning that it had used in connection with the first burglary. *Ice*, 343 Or at 250-53.

In considering the constitutionality of those sentences, this court observed that, in *Apprendi*, the United

States Supreme Court held that, under the Sixth Amendment, " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Ice*, 343 Or at 262, quoting *Apprendi*, 530 US at 490. After reviewing how the Supreme Court applied that rule in subsequent cases, particularly in *Blakely* and in *United States v. Booker*, 543 US 220, 125 S Ct 738, 160 L Ed 2d 621 (2005), this court held in *Ice* that the *Apprendi* rule applies to Oregon's consecutive sentencing scheme as well:

> "[C]onsecutive sentencing as it occurred in the present case clearly implicates the *principles* expressed in *Apprendi*, *Blakely*, and *Booker*, even if it does not mirror the specific circumstances in those cases. It is important to recognize, in that regard, that, under ORS 137.123, consecutive sentencing in this state is not simply a matter of judicial discretion, but can be imposed only after the sentencing judge has made certain legislatively required findings. * * * At least with respect to offenses that arise out of the same continuous and uninterrupted course of conduct, the jury's issuance of multiple guilty verdicts will *only* support concurrent sentences, unless the judge makes those required findings.
>
> "As we have suggested, that arrangement conflicts with the principles underpinning *Apprendi*, *Blakely*, and *Booker*, if not with the *Apprendi* rule itself. Under the [consecutive sentencing] statutes that we just have described, the maximum aggregate sentence that may be imposed, based solely on the jury's verdicts and without judicial factfinding, when a defendant is convicted of multiple offenses, assumes that all the sentences run concurrently. But, under the same statutes, additional factfinding—judicial factfinding—is required to justify consecutive sentencing. Under that arrangement, a consecutive sentence necessarily 'expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict,' *Apprendi*, 530 US at 494, 120 S Ct 2348, based on judicial factfinding, and thereby violates the principles discussed in *Apprendi* and *Blakely*."

*Ice*, 343 Or at 265-66 (footnotes omitted; emphases in original).

As is evident from the foregoing quotation, the trial court in *Ice* principally was relying on ORS 137.123(4) and

(5), which deal with the imposition of consecutive sentences in cases in which two offenses are part of one continuous and uninterrupted course of conduct. However, the trial court in *Ice* also imposed consecutive sentences on the two burglaries, which the trial court purported to do based on ORS 137.123(2) because, the trial court found, those burglaries did *not* arise out of one continuous and uninterrupted course of conduct. On review, this court reversed both kinds of consecutive sentences on the ground that none of the facts that the trial court used to support either kind of sentences had been found by the jury beyond a reasonable doubt, as the court understood the Sixth Amendment to require. *Id.* at 267. In so holding, this court acknowledged the possibility that certain facts could be viewed as implicit in the jury's verdict, which arguably would render certain of the consecutive sentences lawful. However, in the circumstances of that case, the court declined to address that possibility. The court stated,

> "One might argue that the trial court's finding that the two burglary counts did not arise from the same continuous and uninterrupted course of conduct inheres in the very fact that the jury found defendant guilty of two separate counts of the same crime. However, given that the indictment did not specify particular dates or otherwise distinguish between the two counts, we do not choose to analyze the case that way."

*Id.* at 267 n 7.

In summary, the facts that serve as the foundation for consecutive sentences imposed under ORS 137.123 must have been submitted to the jury and proved beyond a reasonable doubt. That means that, in cases in which the trial judge purports (as the trial judge here did) to be sentencing defendant under ORS 137.123(2), the predicate fact that the two crimes did *not* "arise from the same continuous and uninterrupted course of conduct" must have been found by the jury beyond a reasonable doubt. In so stating, however, we note that, in a particular case, it may be possible to determine from a jury's verdict that the jury actually did find those facts. Put differently, and notwithstanding the circumstance that the trial court purported to base the consecutive sentences in this case on its *own* factual findings, the question before the court is whether the jury itself either made the

necessary findings explicitly or, if it did not, whether it is permissible to determine from the jury's guilty verdicts on Counts 1 and 2 that it implicitly found facts that would support the imposition of consecutive sentences under ORS 137.123(2). That is, did the jury, in finding defendant guilty on both those counts, necessarily find, *inter alia*, that the two crimes did not arise out of the same continuous and uninterrupted course of conduct? Defendant maintains that the jury did not make that finding.

■      As we have noted, the trial court purported to find facts that would bring this case under ORS 137.123(2). As to that inquiry, defendant acknowledges that the jury was instructed that it was required to find, beyond a reasonable doubt, that the acts alleged in Count 2 were "separate and distinct" from the acts alleged in Count 1. He contends, however, that the fact that two acts were "separate and distinct" does not necessarily mean that they did not occur in the same continuous and uninterrupted course of conduct. Persons convicted of crimes, he asserts, routinely commit multiple "separate and distinct" criminal acts during the same continuous and uninterrupted course of conduct. Defendant argues that the most that can be gleaned from the jury's verdict, given the way in which the jury was instructed, is that the jury believed that defendant had committed two separate and distinct crimes of first-degree rape. And, defendant goes on, such a verdict reveals nothing about whether the jury believed that defendant committed those two rapes in one continuous and uninterrupted course of conduct. It follows, defendant reasons, that, because defendant had not admitted that the two rapes occurred in separate criminal transactions and the jury did not find that they did, the trial court erred in imposing consecutive sentences for Counts 1 and 2.[3]

---

[3] Defendant made that point to the trial court in his sentencing memorandum. However, the trial court appears to have rejected it, insofar as it based its decision to impose consecutive sentences on its own finding—that the acts alleged in Count 2 were "separate and distinct" from the acts alleged in Count 1. The trial court stated:

"At the same time, the court, having read the jury instructions that Count 2 is a separate and distinct act from Count 1, the court makes that finding that it is separate and distinct act as well.

"The jury has made that finding in fact. And the court is sentencing you on Count 2 as consecutive to Count 1."

■  The state responds that the indictment charging defendant with offenses in this case alleged that defendant committed the crime alleged in Count 2 "[i]n an act and transaction separate and distinct from that alleged in count 1," and that that wording "effectively alleged that [defendant] committed those crimes during separate 'criminal episodes.'" That phrase, "criminal episode," is defined in ORS 131.505(4), for purposes of the former jeopardy statutes, to mean "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective." And, in *State v. Boyd*, 271 Or 558, 564, 533 P2d 795 (1975), this court held that the phrase "criminal episode" is synonymous with the phrase "same act or transaction" as used in the permissive joinder statute, now codified at ORS 132.560(1)(b)(B). The state then concludes from the foregoing that the phrase "separate act or transaction" means "not part of the same continuous and uninterrupted course of conduct" for purposes of the consecutive sentencing statute.

Whatever the merits of that argument might be in the abstract, it is beside the point here. As this court held in *Ice*, our determination of the propriety of the court's imposition of consecutive sentences in a case like this depends on what facts the jury necessarily found when it found defendant guilty of the charged crimes. The instruction that the court gave the jury on Count 2 in this case did not use the same wording that was used in the indictment. Instead, it required only that the jury find that the acts committed in Count 2 were "separate and distinct" from the acts committed in Count 1. That instruction controlled the jury's deliberations.

■  We agree with defendant that, as a matter of plain English, the fact that the instruction on Count 2 required the jury to find that the acts alleged in one count are "separate and distinct" from the acts alleged in another count merely establishes that the jury found that defendant committed two distinct crimes. It does not convey any information about whether the jury found the statutory prerequisite to consecutive sentencing under ORS 137.123(2)—that those two

crimes "did not arise from the same continuous and uninterrupted course of conduct." It follows that that finding is insufficient to support the court's imposition of consecutive sentences under that statutory subsection.[4]

■   The state argues in the alternative that, even if the trial court did not have authority under ORS 137.123(2) to impose consecutive sentences, the sentences are proper under ORS 137.123(5)(a),[5] which provides:

> "The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
>
> "(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense."

The state reasons that, because the criminal offense in Count 1 was the same as the criminal offense in Count 2, that offense, by definition, cannot have been "merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime." According to the state, if the two crimes for which consecutive sentences are contemplated are equally serious, the trial court always has authority to impose consecutive sentences; no additional factfinding is necessary.

The state's argument under ORS 137.123(5)(a) is abstractly interesting, but it ignores or assumes away two separate *Ice*-related concerns. The first concern arises under ORS 137.123(4) and the introductory sentence to subsection (5). Those subsections state that a consecutive sentence

---

[4] We reject the state's contention that defendant did not object to the instruction that the jury was given or complain that it did not parrot the statutory wording and, therefore, should not be heard to complain now if the instructions are unclear. Defendant was under no obligation to ensure that the jury decided facts that would support a consecutive sentence. In all events, his argument is not that the instruction was unclear, but that it did not require the jury to find the facts necessary to support the imposition of consecutive sentences.

[5] In fact, the state indicates in its brief on the merits that it "prefers" that this court affirm the trial court under that subsection, rather than under subsection (2).

under ORS 137.123(5) may be imposed only if "a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct." That predicate is factual and it may be necessary that a jury find it beyond a reasonable doubt. But no finding even resembling that factual predicate was found by the jury here.[6]

That factual predicate aside, application of subsection (5)(a) or (b) to justify consecutive sentences requires additional factfinding that neither the trial judge nor the jury addressed. Because there is no arguable basis for asserting that either the trial judge or the jury decided that defendant's crimes did not arise out of a continuous and uninterrupted course of conduct, or that they even thought about the issues that had to be decided under ORS 137.123(5), the state's argument fails.

■     Finally, the state—returning to ORS 137.123(2)— argues that any error in failing to formally submit the issue of a continuous and uninterrupted course of conduct to the jury is harmless, because this court may infer from the testimony in this case and the manner in which the case was tried that the jury necessarily found that the two rapes occurred on different days, which means as a matter of law that the two crimes were not a part of one continuous and uninterrupted course of conduct.

The state's theory is as follows: The victim, who was very young when the crimes occurred, testified about a number of sexual encounters, but she could not identify the specific dates on which defendant molested her. She could, however, describe the circumstances and the location of various events. The state elected to distinguish the incidents from one another by their location: Count 1, the state indicated, referred to an incident that the victim said occurred in the living room of her residence, while Count 2 referred to an incident that the victim said occurred in her mother's bedroom. The victim also testified that those events occurred on "different" days. The state argued the case to the jury under that formulation.

---

[6] We do not here *hold* that the predicate finding under ORS 137.123(4) must be made by a jury. The answer one way or the other is debatable. We simply note here that the state has not addressed the issue.

■    We agree with the state that the foregoing evidence might have permitted the jury to find that the defendant's criminal acts occurred on separate days. There are at least two difficulties with that approach, however, The first is that the jury was never told that it *needed* to find that fact, in connection with assessing defendant's guilt on the two counts of rape.[7] Thus, the jury did not decide, beyond a reasonable doubt, that the two rapes actually did occur on separate days. Second, and of at least equal importance, is the fact that the victim's testimony, taken as a whole, is too vague and disjointed for this court to be able to say that, if the question had been put to it, the jury necessarily would have found beyond a reasonable doubt that the two rapes occurred on different days.[8] We therefore cannot hold that the error in failing to submit the issue to the jury was harmless beyond a reasonable doubt, as we would have to find in order for the state to prevail. *See State v. Bray*, 342 Or 711, 724-25, 160 P3d 983 (2007) (describing standard).

■    In this case, the trial court, over defendant's objection, imposed consecutive sentences based on its own factual finding and not on facts necessarily found by the jury beyond a reasonable doubt. Imposing consecutive sentences in that manner violated defendant's rights under the Sixth Amendment to the United States Constitution. The trial court's error was then sustained by the Court of Appeals, when it affirmed that judgment without opinion. The case must be remanded to the trial court for resentencing.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[7] And, as we already have explained, the jury's finding that the rape in Count 2 was a "separate and distinct" act from the rape in Count 1 did not constitute such a finding.

[8] Our holding in this respect, which is limited to the arguments of the parties, should not be read as agreeing with the idea that, as a matter of law, criminal offenses committed on different days cannot be part of a continuous and uninterrupted course of conduct. They can be, depending on the attendant circumstances.