Submitted May 28, affirmed August 20, 2008, petition for review denied January 13, 2009 (345 Or 618)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GABRIEL CALDERON-ORTIZ,
*Defendant-Appellant.*

Washington County Circuit Court
C052574CR; A131799

191 P3d 808

2

Peter Gartlan, Chief Defender, Legal Services Division, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Ortega, Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant was convicted of 10 sex offenses committed against the same victim. The trial court sentenced him to a total of 180 months in prison. He appeals, arguing that the trial court erred in imposing a consecutive sentence on one of the convictions. For the reasons discussed below, we affirm.

The relevant facts are mostly procedural in nature and are not disputed. Defendant was charged with six counts of rape in the first degree, ORS 163.375; one count of sodomy in the first degree, ORS 163.405; and three counts of rape in the second degree, ORS 163.365. The indictment alleged that each count constituted a "separate act and transaction" from the acts alleged in the other counts. As pertinent here, Counts 1 and 2, charging rape in the first degree, and Count 4, charging sodomy in the first degree, each alleged that the offense occurred "on or between September 1, 2002 to June 30, 2003." The verdict forms also differentiated among the various rape counts. Referring to the victim's ages at the time of the offenses, the forms labeled Count 1 as "10 Yrs Old—First Event," Count 2 as "10 Yrs Old—Second Event," Count 3 as "10 Yrs Old—Third Event," Count 5 as "11 Yrs Old—First Event," and so on. However, Count 4, the sole sodomy count, had no equivalent descriptive label. A jury found defendant guilty of all counts.

At sentencing, the prosecutor requested that the trial court impose consecutive sentences totaling 250 months. Defendant argued that he had no other convictions and had cooperated with the investigation of his offenses; he requested concurrent sentences. He also argued that, under Article I, section 11, of the Oregon Constitution as applied in *State v. Wedge*, 293 Or 598, 652 P2d 773 (1982), and under the Sixth Amendment to the United States Constitution as applied in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), a jury must find the facts supporting consecutive sentences.

The trial court determined that it was "clear from the way the case was presented and the verdict forms that each and every count was of a separate event," that the jury

had found defendant guilty as to each of those separate events, and that, accordingly, the court was authorized to impose consecutive sentences under ORS 137.123(2), providing for either concurrent or consecutive sentences when a defendant "is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct." The court imposed concurrent 100-month prison sentences under ORS 137.700 (Measure 11) on Counts 1, 2, and 3—defendant's first three first-degree rape convictions. The trial court also imposed a 100-month Measure 11 prison sentence on Count 4, defendant's first-degree sodomy conviction, and further ordered that 80 months of that sentence be served consecutively to the sentences on Counts 1, 2, and 3. The court ordered that the remainder of defendant's sentences be served concurrently, including three 121-month presumptive prison sentences on defendant's remaining three first-degree rape convictions and three 75-month Measure 11 prison sentences on defendant's three second-degree rape convictions. In ordering that defendant's sentence for sodomy be served partially consecutively, the court stated, "I want to get to the 180 months." Later, the court reiterated, "There is a total of 180 months. It's a 15-year sentence."

■ On appeal, defendant argues that the trial court erred under Article I, section 11, and the Sixth Amendment in ordering that the sentence on his sodomy conviction be served partially consecutively to the sentences for his first three rape convictions. He argues that, where the verdict forms gave the rape counts identifying labels such as "10 Yrs Old—First Event," and the sodomy count contained no such information, the jury could have found that the sodomy offense occurred during the same incident as one of the rape offenses. He argues that, accordingly, the jury's verdicts alone do not necessarily demonstrate that the jury found beyond a reasonable doubt that the sodomy offense "d[id] not arise from the same continuous and uninterrupted course of conduct" as the other offenses for the purpose of ORS 137.123(2).

The state initially responds that defendant did not preserve the described issue. The state acknowledges that defendant argued below that a jury must find the facts supporting consecutive sentences. It argues, however, that, after

the trial court reasoned that the descriptions of the counts in the indictment and in the verdict forms demonstrated that the jury had found facts supporting the imposition of consecutive sentences under ORS 137.123(2), defendant did not inform the court of his position that that reasoning did not apply to the sodomy count. The state also argues that the trial court's error was not plain because the record supports competing inferences about defendant's motivation for failing to make that argument; the state postulates that defendant may have been concerned that, if he made known his objection to imposition of a consecutive sentence on the sodomy conviction, the trial court would have imposed the same total sentence by ordering some other sentence to be served consecutively. Finally, the state argues that, for the same reason, even if the error is plain, this court should not exercise its discretion to review it.

On the merits, the state argues that the trial court properly imposed a consecutive sentence on the sodomy count under both Article I, section 11, and the Sixth Amendment. First, the state contends that, consistently with *State v. Ice*, 343 Or 248, 256-62, 170 P3d 1049 (2007), *cert granted*, ____ US ____, 128 S Ct 1657, 170 L Ed 2d 353 (2008)—which was decided after defendant filed his brief in this case—the state constitutional right to a jury trial does not apply to the question whether multiple offenses involved separate incidents. As to the Sixth Amendment, the state submits that the Supreme Court decided *Ice* incorrectly because the right to a jury trial on sentence enhancement facts is offense-specific but that, even assuming that the trial court here erred under the reasoning in *Ice*, any error was harmless. The state reasons that, in light of the allegations in the indictment and the verdict forms, the jury's guilty verdicts on the rape counts established that all of defendant's rape convictions arose out of separate events; thus, on remand, the trial court could— and in light of its expressed desire to impose a sentence totaling 180 months, probably would—simply restructure defendant's sentence to achieve the same result.

As an initial matter, by arguing generally that a jury must find the facts supporting consecutive sentences, defendant sufficiently preserved that issue. Defendant's argument necessarily suggested that the jury had not found the relevant facts, and the argument was sufficiently broad to cover

all the charged counts, including the sodomy count. After the trial court explained its reasoning about why the jury had found the relevant facts, defendant was not required to present a more particularized argument.

■ We turn to the merits. We first conclude that, by ordering that defendant serve the sentence imposed on his sodomy conviction partially consecutively to the sentence imposed on three of his rape convictions, the trial court did not violate defendant's jury trial right under Article I, section 11. That is because a factual finding that an offense "d[id] not arise from the same continuous and uninterrupted course of conduct" as another offense within the meaning of ORS 137.123(2) does not relate to or constitute an "element" of either offense. *Ice*, 343 Or at 260-61.

■ We turn to whether the imposition of a consecutive sentence violated defendant's rights under the Sixth Amendment. Specifically, we consider whether, on this record, the jury necessarily found beyond a reasonable doubt that defendant's sodomy conviction did not arise from a continuous and uninterrupted course of conduct from the other offenses. *See State v. Hagberg*, 345 Or 161, 169-70, 190 P3d 1209 (2008) (in order for the trial court to impose consecutive sentences under ORS 137.123(2), the jury must have found beyond a reasonable doubt that the relevant crimes did not arise from the same continuous and uninterrupted course of conduct; in a particular case, it may be possible to determine from a jury's guilty verdict that the jury actually and necessarily found that fact, albeit implicitly).[1] It is true that the sodomy count in the indictment alleged that the offense was a separate act and transaction from the other charged offenses. *See State v. Yarbor*, 133 Or App 360, 363, 891 P2d 703 (1995)

---

[1] In *State v. Gordian*, 209 Or App 600, 149 P3d 190 (2006), we concluded that, where the indictment alleged that the crimes were committed during "separate criminal episodes" and the defendant pleaded guilty to the crimes, the defendant effectively admitted that the offenses were not part of a continuous and uninterrupted course of conduct, thereby obviating the constitutional requirement that a jury make such a finding. *See Blakely*, 542 US at 303 (stating exception to jury trial right for facts admitted by the defendant); *see also State v. Westbrook*, 221 Or App 433, 190 P3d 437 (2008) (where the indictments alleged that multiple offenses were committed as separate and distinct transactions and occurrences and the defendant pleaded guilty to the charges "as set out in" the indictments, the imposition of consecutive sentences did not violate the defendant's jury trial right). In this case, of course, defendant did not plead guilty to any of the alleged offenses. Nor does *Hagberg* address that circumstance.

(allegations in the indictment that each offense was "part of a separate act and transaction" were sufficient to demonstrate that the offenses met the statutory standard for the trial court's imposition of consecutive sentences as provided in ORS 137.123(2)). However, the indictment also alleged that the sodomy offense occurred during the same time period as two of the alleged rape offenses, and the jury verdict form for the sodomy count did not contain any information relating to whether the sodomy offense was committed separately from those or any other charged offenses. Nor have we identified any evidence in the record relating to that factual issue.[2] Under those circumstances, we cannot say that, by finding defendant guilty on the sodomy count, the jury necessarily found beyond a reasonable doubt that that offense "d[id] not arise from the same continuous and uninterrupted course of conduct" as other offenses in the case for the purpose of ORS 137.123(2). It follows that the trial court violated defendant's Sixth Amendment jury trial rights when it imposed a partially consecutive sentence on defendant's sodomy conviction.

■    The question remains whether the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967) (federal constitutional error must be harmless beyond a reasonable doubt to support affirmance on appeal); *see also Washington v. Recuenco*, 548 US 212, 126 S Ct 2546, 165 L Ed 2d 466 (2006) (error in failing to submit sentence enhancement facts to a jury is not "structural error" and is subject to federal harmless error analysis); *State v. Bray*, 342 Or 711, 724-26, 160 P3d 983 (2007) (applying federal harmless error analysis in determining that error was not harmless; court could not say that no reasonable juror could find anything other than the existence of the enhancement fact).

We considered that question in a similar context in *State v. Bowen*, 220 Or App 380, 185 P3d 1129 (2008). In that

---

[2] At trial, as the victim was being questioned about rapes that occurred while she was in the fifth grade, she was asked whether defendant "ever tr[ied] to put his penis in your bottom." She responded in the affirmative and testified that it happened "[m]ore than one time." When asked whether that conduct occurred "when you were in the fifth grade, too," she replied, "I don't remember." None of the victim's other testimony at trial, nor that of any other witness, pertained to the temporal relationship of the sodomy offense to the other charged offenses. The state also offered in evidence a videotape of an interview of the victim by a CARES interviewer; it also lacked any information pertaining to that relationship.

case, the trial court imposed consecutive sentences under ORS 137.123(2) based on facts not found by a jury. This court determined that, where "overwhelming" evidence at trial established that the multiple counts of which the defendant was convicted were distinct from one another, we could say with "complete confidence" that, had the jury considered the matter, it would have found that the offenses did not occur as part of a continuous and uninterrupted course of conduct for the purpose of ORS 137.123(2). Accordingly, the error in imposing consecutive sentences was harmless beyond a reasonable doubt. *Bowen*, 220 Or App at 382-84.

As discussed above, the record in this case fails to demonstrate that the jury did, in fact, find beyond a reasonable doubt that the sodomy offense did not arise from the same continuous and uninterrupted course of conduct as the other alleged offenses for the purpose of ORS 137.123(2). By the same token, we are unable to say with confidence that, had it considered the matter, it would have so found. However, based on the verdict forms for the other offenses of which defendant was found guilty—which demonstrate that the jury necessarily found that defendant committed some of the rapes when the victim was 10 years old, some when she was 11, and some when she was 12—the trial court properly could have achieved the same total sentence by imposing a consecutive sentence on one of defendant's other convictions. And, considering the trial court's stated intention to impose a total sentence of 180 months, we are completely confident that, if we were to remand this case to the trial court for resentencing, it would do so. The trial court's error in imposing a consecutive sentence on defendant's sodomy conviction based on facts not found by a jury or admitted by defendant therefore was harmless beyond a reasonable doubt.

Affirmed.