Submitted July 31, affirmed September 10, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CONNIE RAY CREWSE,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF060066; A133582

193 P3d 58

Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Louis R. Miles, Deputy Public Defender, filed the supplemental brief.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Karla H. Alderman, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

■ Defendant was convicted after a jury trial of two counts of first-degree sexual abuse, ORS 163.427, and received consecutive sentences on two of the convictions. On appeal, defendant raises an unpreserved argument that the court's imposition of consecutive sentences based on a judicial determination that the crimes occurred during separate criminal episodes violated the Sixth Amendment to the United States Constitution, as interpreted by the Oregon Supreme Court in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008). Defendant argues that, notwithstanding the lack of preservation, this court should exercise its discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991), to correct the error. The state responds that any error is not apparent on the face of the record, given that the indictment alleged that the crimes occurred in different date ranges and were "separate and distinct" from one another. For the reasons that follow, even assuming that the asserted error is "plain error" in light of *State v. Hagberg*, 345 Or 161, 190 P3d 1209 (2008),[1] we decline to exercise our discretion under *Ailes*. Accordingly, we affirm.

■ A variety of factors can bear on our exercise of discretion under *Ailes*. *See* 312 Or at 382 n 6. Here, one is conclusive: the "competing interests of the parties" in whether resentencing should occur. In that regard, we note, as the Supreme Court observed in *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), that the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." In weighing that interest, we evaluate whether "no reasonable factfinder" could have failed to find the fact used to enhance the sentence at issue. *Id.*

In this case, the victim clearly stated that the crimes occurred on "different day[s]." Given the victim's account of the events, the date ranges alleged in the indictment, and the

---

[1] It is arguable that *Hagberg* is distinguishable from the present case, because *Hagberg* involved counts alleged to have occurred within the same range of dates, whereas the present case involves counts alleged to have occurred in different date ranges.

lack of any evidence in the record to support an inference that the crimes occurred but did *not* occur in the date ranges alleged in the indictment, we conclude that no reasonable factfinder would have failed to conclude that the crimes occurred during separate criminal episodes. *Cf. State v. Calderon-Ortiz*, 222 Or App 1, 191 P3d 808 (2008) (finding sentencing error under similar circumstances to be harmless beyond a reasonable doubt); *State v. Bowen*, 220 Or App 380, 185 P3d 1129 (2008) (same). Accordingly, we decline to exercise our discretion to correct the asserted error.

Affirmed.