Submitted July 31, remanded for resentencing; otherwise affirmed
September 10, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LAIRD WAYNE HILL,
*Defendant-Appellant.*

Marion County Circuit Court
05C46732; A129989

193 P3d 29

Peter Gartlan, Chief Defender, Legal Services Division, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Stephanie Hortsch, Deputy Public Defender, filed a supplemental brief.

Laird Wayne Hill filed a supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

■ Defendant was convicted of four counts of first-degree sexual abuse, ORS 163.427, and received consecutive sentences on two of the convictions. On appeal, he raises numerous challenges to his convictions and his sentences. We reject his challenges to his convictions without discussion. Regarding his sentences, defendant argues that the court's imposition of consecutive sentences based on a judicial determination that more than one criminal episode was involved violated the Sixth Amendment to the United States Constitution, as interpreted by the Oregon Supreme Court in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ____ US ____ , 128 S Ct 1657 (2008). Defendant acknowledges that he did not preserve that contention but argues that the matter is nevertheless cognizable as plain error. The state asserts that any error is not apparent on the face of the record, given that the indictment alleged that the crimes were not committed as "part of the same criminal episode." In light of the Oregon Supreme Court's decision in *State v. Hagberg*, 345 Or 161, 171, 190 P3d 1209 (2008), which rejected a similar argument, we conclude that the asserted error is apparent on the face of the record.

■■ The question remains whether this court should exercise its discretion to correct the error. *See generally Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). For two reasons, we conclude that an exercise of our discretion is proper. The first is the gravity of the error: The consecutive sentence in the present case is 75 months. Second, the competing interests of the parties militate in favor of correction of the error. As the court recognized in *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." There, the court remarked that "no reasonable factfinder" could have failed to find the fact used to enhance the sentence at issue in that case. *Id.* Here, by contrast, the child victim testified that she could not specifically remember how many times the abuse had occurred. Although she did testify that abuse had occurred "more than one time," she identified only one location, and only one time frame, for the abuse. On this record, we cannot say that no

reasonable factfinder could have failed to find multiple criminal episodes. *See, e.g., State v. Banks,* 218 Or App 593, 598, 180 P3d 726 (2008) (in similar circumstances, remanding for resentencing where evidence in support of consecutive sentencing was not clear). Hence, in this case, defendant's interest in resentencing predominates.

Remanded for resentencing; otherwise affirmed.