Submitted August 27, affirmed October 15, petition for review denied
December 24, 2008 (345 Or 503)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS SMITH,
*Defendant-Appellant.*

Washington County Circuit Court
C053243CR; A133917

195 P3d 435

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Linda Wicks, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of 15 sex offenses committed against a child for whom he was the legal guardian. The trial court sentenced him to concurrent and consecutive sentences totaling 293 months in prison. Defendant appeals, raising five assignments of error. His first two assignments pertain to the trial court's disclosure, for sentencing purposes, of a psychosexual evaluation prepared for the purpose of a juvenile court proceeding terminating defendant's guardianship of the victim. His third and fourth assignments challenge the trial court's failure to instruct the jury that the verdicts must be unanimous and its entry of judgments of conviction based on nonunanimous verdicts. Finally, in a supplemental assignment of error, defendant asserts that the trial court erred under *State v. Ice,* 343 Or 248, 170 P3d 1049 (2007), *cert granted,* ___ US ___ , 128 S Ct 1657 (2008), in imposing consecutive sentences on three of his convictions based on facts not found by a jury beyond a reasonable doubt or admitted by him. We reject defendant's first four assignments of error without discussion, writing only to address the sentencing issue. We affirm.

The relevant facts are not in dispute. Defendant was indicted on four counts of sexual abuse in the first degree, ORS 163.427, three counts of sodomy in the first degree, ORS 163.405, three counts of rape in the first degree, ORS 163.375, two counts of sexual penetration in the first degree, ORS 163.411, and one count each of sexual penetration in the second degree, ORS 163.408, sodomy in the second degree, ORS 163.395, and rape in the second degree, ORS 163.365. The indictment alleged that each count constituted a "separate act and transaction" from the preceding counts. Counts 1, 2, and 3—charging defendant with, respectively, sexual abuse, sodomy, and rape in the first degree—alleged that those offenses occurred on or between January 10, 2001 and January 9, 2002. Counts 4, 5, 6, and 7—charging defendant with sexual abuse, unlawful sexual penetration, sodomy, and rape in the first degree—alleged that those offenses occurred on or between January 10, 2002 and January 9, 2003. Counts 8, 9, 10, and 11—charging defendant with sexual abuse, unlawful sexual penetration, sodomy, and rape in the first degree—alleged that the offenses occurred on or between

January 10, 2003 and January 9, 2004. And Counts 12, 13, 14, and 15—charging defendant with sexual abuse in the first degree and unlawful sexual penetration, sodomy, and rape in the second degree—alleged that the offenses occurred on or between January 10, 2004 and May 31, 2004. The verdict form for each count included a handwritten notation stating the relevant date range for that count. The jury found defendant guilty on all counts.

At sentencing, the trial court stated that, considering the length of time during which defendant had engaged in the charged conduct, the number of offenses that had occurred, and the vulnerability of the victim, defendant's conduct was "probably one of the most aggravated situations" that the court had encountered. On Count 1, sexual abuse in the first degree, the court sentenced defendant to 75 months in prison. On Count 2, sodomy in the first degree, the court sentenced him to 100 months in prison, to be served consecutively to the sentence on Count 1. The court imposed a consecutive 118-month prison sentence on Count 3, rape in the first degree. The court ordered the remaining sentences—75 months' imprisonment on each of the remaining three counts of sexual abuse in the first degree and on each of the three second-degree crimes, and 126 months on each of the remaining convictions for first-degree unlawful sexual penetration, sodomy, and rape—to be served concurrently.

On appeal, defendant argues that the trial court erred in imposing consecutive sentences based on its own factfinding and not that of a jury. He concedes that he did not raise that issue at trial but urges us to review it as plain error.

The state responds that, for several reasons, this court should decline to review the unpreserved error. The state argues that defendant could have requested jury findings on facts relevant to consecutive sentences. It also contends that, consistently with the jury's verdicts, the trial court was authorized to impose consecutive sentences on other convictions, thereby achieving the same total sentence. Specifically, the state argues that the indictment alleges four groups of crimes, each group of which occurred in a separate date range that did not overlap with the date range of any

other group; accordingly, the trial court properly could have ordered one or more sentences in each group to be served consecutively to sentences in other groups. *See* ORS 137.123(2) (when a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, the court may impose either concurrent or consecutive sentences). The state further argues that, for the latter reason, any error also was harmless.

■     In *State v. Hagberg*, 345 Or 161, 169-70, 190 P3d 1209 (2008), the Supreme Court noted that, in a particular case, it may be possible to determine from a jury's guilty verdict that the jury necessarily found beyond a reasonable doubt a fact or facts supporting consecutive sentences. Where that is the case, the imposition of consecutive sentences based on such facts is not error. *See also State v. Zweigart*, 344 Or 619, 639, 188 P3d 242 (2008) (the fact that the defendant's offenses involved separate victims for the purpose of ORS 137.123(5)(b) was "inherent in the indictment and in the jury's verdicts on those counts").

In this case, however, the trial court ordered that the sentences on Counts 1, 2, and 3 be served consecutively to each other; the verdict forms for those counts indicated that they all occurred within the same date range. Accordingly, it is not possible to infer that the jury necessarily found beyond a reasonable doubt that those crimes were not part of an uninterrupted course of conduct, as required under ORS 137.123(2). Consistently with *Ice*, the trial court plainly erred.

■     The question remains whether we should exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). In considering whether to exercise that discretion to correct sentencing errors, we consider whether a defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary, repetitive sentencing proceedings. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007); *State v. Ramirez*, 343 Or 505,

513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008).

■ In this case, the last of those considerations is dispositive. As previously discussed, the indictments alleged that the 15 counts occurred within four separate date ranges. Consistently with the indictment, the verdict form for each count alleged a specific date range for that count. By finding defendant guilty on all counts, the jury necessarily found that some of defendant's crimes occurred within different date ranges—and thus in different criminal episodes—than other of his crimes. Although the trial court erred in imposing consecutive sentences on crimes that occurred within the same date range, on remand, the court would be authorized, based on the jury's verdicts, to order some other combination of defendant's sentences to be served consecutively. Particularly in light of the trial court's express assessment of defendant's conduct as "probably one of the most aggravated situations" that the court had encountered, we conclude that, if we were to remand this case for resentencing, the court would again impose consecutive sentences, albeit on different convictions. We therefore decline to exercise our discretion to correct the court's error. *Cf. State v. Crewse*, 222 Or App 322, 323-24, 193 P3d 58 (2008) (declining to correct unpreserved consecutive sentence error where, given testimony at trial, no reasonable factfinder would have failed to conclude that the crimes occurred during separate criminal episodes); *State v. Calderon-Ortiz*, 222 Or App 1, 8, 191 P3d 808 (2008) (where trial court could and would impose other consecutive sentences on remand, preserved sentencing error was harmless beyond a reasonable doubt); *State v. Bowen*, 220 Or App 380, 383-84, 185 P3d 1129 (2008) (same).

Affirmed.