Submitted on remand from the United States Supreme Court on February 17,* court's decision in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), modified; decision of Court of Appeals and judgment of circuit court affirmed March 26, 2009

STATE OF OREGON,
*Respondent on Review,*

*v.*

THOMAS EUGENE ICE,
*Petitioner on Review.*

(CC 99C49779; CA A111668; SC S052248)

204 P3d 1290

Ernest G. Lannet, Deputy Public Defender, Salem, filed the briefs for petitioner on review. With him on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of the Public Defense Services.

Jonathan H. Fussner, Assistant Attorney General, Salem, filed the briefs for respondent on review. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

PER CURIAM

---

* *Oregon v. Ice*, 555 US _____, 129 S Ct 711, 172 L Ed 2d 517 (2009).

## PER CURIAM

In *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), this court rejected defendant's contention that Article I, section 11, of the Oregon Constitution requires that a jury, rather than a judge, find the facts that, under Oregon law, must be present before a judge can impose consecutive sentences. At the same time, however, the court held that the Sixth Amendment to the United States Constitution, as interpreted by the United States Supreme Court in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), does impose such a requirement. On *certiorari*, the United States Supreme Court reversed and remanded, holding that, contrary to this court's decision, the Sixth Amendment does not prohibit states from assigning to judges, rather than to juries, the task of finding the facts necessary for imposition of consecutive sentences. *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009). On remand, we modify the part of the court's previous opinion that addresses the jury trial provision in the Sixth Amendment: We now hold that the trial court did not violate defendant's Sixth Amendment rights when it imposed a consecutive sentence based on the trial judge's fact-finding. We adhere to the court's earlier conclusion that Article I, section 11, of the Oregon Constitution similarly does not require that a jury make the factual findings necessary for imposition of consecutive sentences.

The court's decision in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), is modified. The decision of the Court of Appeals and the judgment of the circuit court are affirmed.