On petition for reconsideration filed by respondent on review on February 23,* respondent's motion for waiver of time limit set out in ORAP 9.25(1) allowed; petition for reconsideration allowed; on reconsideration, former opinion withdrawn; decision of Court of Appeals and judgment of circuit court affirmed October 22, 2009

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## CHRISTOPHER LOUIS HAGBERG,
*Petitioner on Review.*

(CC 2004-13017; CA A128398; SC S054997)

220 P3d 47

---

* 345 Or 161, 190 P3d 1209 (2008).

Paul L. Smith, Assistant Attorney General, Salem, filed the petition for reconsideration for respondent on review. With him on the petition were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

No appearance *contra*.

GILLETTE, J.

## GILLETTE, J.

The state seeks reconsideration of this court's opinion in *State v. Hagberg*, 345 Or 161, 190 P3d 1209 (2008). In *Hagberg*, this court held that a trial court had committed constitutional error in requiring the defendant to serve his sentences on two convictions consecutively, in the absence of jury findings that would support imposition of consecutive sentences. In so holding, this court rejected the state's contention that the required findings were inherent in the jury's guilty verdicts. The state now correctly points out that the opinion in *Hagberg* relied on the rationale of this court's decision in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), and argues that, in light of the subsequent reversal of that decision by the United States Supreme Court in *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009), this court's decision in *Hagberg* was incorrect. We agree. The question remains—what consequence does that have in this case?

Defendant was convicted of multiple sexual offenses, including two counts of rape in the first degree, committed against his girlfriend's daughter. The trial court imposed mandatory prison terms for each offense. *See* ORS 137.700 (requiring imposition of mandatory minimum sentences for certain felonies). With respect to the two rape offenses, the trial court further ordered that the sentences for those offenses be served consecutively. *See* ORS 137.123(2);[1] *see also Hagberg*, 345 Or at 164 (reciting history).

Defendant objected to the consecutive sentences, arguing that they could be imposed constitutionally only if the jury—not the trial court—made the predicate factual finding under ORS 137.123(2) that the two rapes "d[id] not arise from the same continuous and uninterrupted course of conduct." The trial court responded to that argument both by making its own finding and by asserting that the jury also had made an adequate finding:

---

[1] ORS 137.123(2) provides, in part:

"If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct * * * the court may impose a [consecutive sentence]."

" '[T]he court, having read the jury instructions that Count 2 is a separate and distinct act from Count 1, the court makes that finding that it is a separate and distinct act as well.

" 'The jury has made that finding in fact. And the court is sentencing you on Count 2 as consecutive to Count 1.' "

*Id.* at 164 (quoting trial court). Defendant appealed the trial court's constitutional ruling to the Court of Appeals, which affirmed without opinion. *State v. Hagberg*, 211 Or App 712, 156 P3d 174 (2007). As noted, defendant then sought discretionary review of that issue in this court and this court allowed review and reversed, based on its decision in *Ice*. And, as also noted, it now is settled law that this court's reasoning in *Ice* was incorrect.[2]

Ordinarily, we would simply withdraw a decision in this posture and announce an appropriate disposition. However, we choose, for the sake of completeness, to address two additional questions that the case presents.

The first question involves appellate procedure, *viz.*, whether the state's petition for reconsideration is timely under ORAP 9.25(1). We set out the procedural history of this case to provide a framework for our answer. On March 17, 2008, the United States Supreme Court allowed the state's petition for a writ of *certiorari* in *State v. Ice*. While *Ice* was awaiting disposition in that court, this court issued its original decision in *Hagberg* on July 31, 2008. The state did not file a petition for reconsideration in *Hagberg*. Instead, on October 23, 2008, it moved this court to recall the appellate judgment and to stay issuance of the judgment until the United States Supreme Court issued its decision in *Ice*. This court allowed the state's motion on November 6, 2008. The United States Supreme Court issued its decision in *Ice* on January 14, 2009. The United States Supreme Court issued its mandate to this court on February 17, 2009. Finally, the state filed the present petition for reconsideration on February 23, 2009.

---

[2] On remand from the United States Supreme Court, this court modified its original decision in *Ice* to reflect the higher court's reversal. *State v. Ice*, 346 Or 45, 204 P3d 1290 (2009).

 The state notes in its petition for reconsideration that it assumes that this court's recall of the appellate judgment suspended the ordinary rule pertaining to filing petitions for reconsideration. The state notes, however, that, "in an abundance of caution, [it] moves this court for relief from default for filing this petition more than 14 days after this court's decision in this case." The relevant rule, ORAP 9.25(1), provides, in part:

> "A party seeking reconsideration of a decision of the Supreme Court *shall* file a petition for reconsideration within 14 days after the date of the decision."

(Emphasis added.) As our recitation of the procedural history of this case shows, the state's petition for reconsideration was not filed within 14 days of our decision. And, as the emphasized "shall" in the statute makes clear, compliance with the 14-day time limit in ORAP 9.25(1) is mandatory: To be timely, a petition for reconsideration of a decision of this court must be filed within that time period. The state's contrary assumption, *viz.*, that recall of the appellate judgment somehow modified the effect of ORAP 9.25(1) by suspending the time limit, is incorrect.

 That holding does not end the matter, however. This court has reserved authority to waive "any" rule "[f]or good cause." ORAP 1.20(5).[3] That power includes authority to waive application of ORAP 9.25(1). And, in cases like this one, where the reason for seeking reconsideration is to give this court the opportunity to conform its decision with an authoritative ruling of the United States Supreme Court, we think that it would be illogical to refuse, on the ground of untimeliness, to consider a petition for reconsideration based on that authoritative ruling. In other words, although the state's motion for reconsideration was not timely, the delay was "[f]or good cause." We therefore choose to exercise our discretion and waive the 14-day time limit of ORAP 9.25(1). ORAP 1.20(5). The state's petition for reconsideration is properly before us.

---

[3] ORAP 1.20(5) provides:

"For good cause, the court on its own motion or on motion of any party may waive any rule."

■ The other issue that this case presents is one of preservation. As noted, this court issued its earlier decision in this case based on a faulty constitutional premise, *viz.*, that the Sixth Amendment to the United States Constitution required that a jury, rather than a trial court, make the findings of fact required by ORS 137.123. As to that premise, the United States Supreme Court has reached a different conclusion than did this court. However, the fact that a jury need not make the requisite findings does not relieve a trial court from making them, as the statute by its terms requires. It thus could be argued that, before this court withdraws its former opinion and affirms the decision of the Court of Appeals and the judgment of the trial court, it should determine whether the trial court properly carried out its statutory role under ORS 137.123.

We decline to conduct the inquiry involved in that further step, however, because defendant never raised a separate issue addressing the judge's compliance with ORS 137.123 before the trial court, the Court of Appeals, or this court. The question is not preserved, and we do not choose to address it.

Respondent's motion for waiver of the time limit set out in ORAP 9.25(1) is allowed. The petition for reconsideration is allowed. On reconsideration, the former opinion is withdrawn. The decision of the Court of Appeals and the judgment of the circuit court are affirmed.