Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed January 7, respondent's petition
for reconsideration filed February 17 allowed by opinion April 1, 2009
See 227 Or App 283, 205 P3d 89 (2009)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERTO VEGA RODRIGUEZ,
*Defendant-Appellant.*

Marion County Circuit Court
01C50641; A118029

200 P3d 607

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Rodriguez (Rodriguez I)*, 201 Or App 94, 116 P3d 923 (2005), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Rodriguez*, 345 Or 316, 195 P3d 63 (2008). In *Rodriguez I*, we vacated defendant's sentences and remanded for resentencing because we agreed with defendant's unpreserved contention that the trial court had violated the principles subsequently announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), by imposing a departure sentence based on judicial findings of fact. Because of our disposition, we did not reach defendant's remaining arguments, which pertained to the propriety of imposing consecutive sentences. *Rodriguez I*, 201 Or App at 95. The issue before us on remand is whether, in light of *Ramirez*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to correct that sentencing error. On remand, we again conclude that defendant is entitled to resentencing, albeit on different grounds than those enunciated in our prior opinion. Accordingly, we affirm defendant's convictions but remand for resentencing.

Defendant was convicted, following a jury trial in 2002, of first-degree rape (Count 1) and of first-degree burglary (Count 3), alleged to have occurred as part of the same act and transaction as the rape. The jury also convicted defendant of second-degree sexual abuse that occurred on a different occasion (Count 2). The trial court ordered that all of the sentences be served consecutively and also imposed a dispositional and durational departure sentence of 18 months' imprisonment on the burglary conviction. At sentencing, the trial court specified numerous factors in support of imposition of the departure sentence and stated that any of those factors would, alone, be sufficient to support the departure sentence. The trial court explained its basis for concluding that the sentences for the rape (Count 1) and sexual abuse (Count 2) convictions should be served consecutively to each other but did not enunciate its reason for concluding that the sentence on the burglary conviction (Count 3) should be served consecutively to the rape conviction (Count 1).

On appeal, as noted, defendant raised an unpreserved *Blakely*-based challenge to the imposition of the upward departure sentence on Count 2. *Rodriguez I*, 201 Or App at 95. In addition, with respect to the imposition of consecutive sentences, defendant raised an unpreserved statutory challenge that the trial court, in imposing the consecutive sentence on Count 3, failed to render findings, as prescribed in ORS 137.123(4) and (5), explaining why that sentence should be served consecutively to that on Count 1, and also raised an unpreserved *Blakely*-based challenge to the imposition of the consecutive sentence on Count 3.

On remand from the Supreme Court, we do not reach the question whether defendant is entitled to remand due to the erroneous imposition of a departure sentence, although that was the basis for our original disposition. We adopt that approach because, between the time of our initial opinion and now, the Oregon Supreme Court decided *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008)—and, frankly, *Ice* affords a less complicated path to disposition.

■ In *Ice*, the Supreme Court held that a defendant is entitled to jury findings of facts used to support the imposition of consecutive sentences pursuant to ORS 137.123. That did not occur here; consequently, the imposition of consecutive sentences in this case was an "error of law apparent on the face of the record." ORAP 5.45(1). *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (plain error is determined as of the time the matter is considered in the appellate *court*).

■ The inquiry thus reduces to whether we should exercise our discretion under *Ailes* to correct that error. In *Ice*'s wake, we have concluded, in some circumstances, that we should not exercise our discretion to correct an error in imposing consecutive sentences. For example, we have so concluded when " 'no reasonable factfinder' could have failed to find the fact used to enhance the sentence at issue." *State v. Crewse*, 222 Or App 322, 323, 193 P3d 58 (2008) (quoting *Ramirez*, 343 Or at 513).

However, where—as here—the basis for the imposition of consecutive sentences is uncertain, the discretionary calculus is more complicated. *See, e.g., State v. Banks*, 218 Or

App 593, 598-99, 180 P3d 726 (2008). As noted, the trial court did not on the record identify any reason for imposing a consecutive sentence on Count 3, which was alleged to have occurred as part of the same criminal episode as the commission of the rape that was the subject of Count 1. Accordingly, on this record, without a referent for why the trial court imposed the challenged consecutive sentence, we are unable to say that there is no legitimate debate about whether a reasonable factfinder would find the facts necessary to support the imposition of consecutive sentences.

We turn to other factors bearing, generally, on our exercise of discretion under *Ailes*:

> "[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6.

Here, the asserted error resulted in an additional 18-month incarceration term, which we consider to be of sufficient gravity to militate in favor of an exercise of discretion. Further, although the trial court was not given the opportunity to hear argument on, and correct, the asserted error, we note that the sentences in this case were imposed in April 2002—roughly two years before the extension of *Blakely*'s principles to consecutive sentences in *Ice*. In *Banks*, which involved analogous timing, we addressed the significance of that timing with respect to the proper exercise of our discretion under *Ailes*, including whether, as assessed in *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), "defendant made a strategic choice not to object to the sentence":

> "First, given the timing in this case, it is highly unlikely that defendant made a 'strategic choice' to forgo his present objection to the consecutive sentence. * * * That is so because defendant was sentenced in December 2003—six months before *Blakely*, the predicate for such an objection, issued. Thus, the circumstances pertaining to possible

'strategic waiver' here differ qualitatively from those in cases arising in the post-*Blakely*/pre-*Ice* 'window' in which criminal defendants began with increasing frequency to raise constitutional challenges to judicial factfinding in imposing consecutive sentences pursuant to ORS 137.123.
* * *

> "Second, considering and correcting the asserted error here will not subvert the judicial system's 'interest in requiring preservation of error.' *Fults*, 343 Or at 523. That is so because (again) defendant was sentenced in December 2003, before *Blakely* issued—and, given the state of the law at that time, we have little doubt that, if defendant had, with remarkable prescience, raised an *Ice*-like challenge to the consecutive sentence, the trial court would have flatly rejected such a challenge. Thus, giving the sentencing court an 'opportunity to correct any error,' *Ailes*, 312 Or at 382 n 6, would not have yielded a different result, obviating the need for appellate review."

*Banks*, 218 Or App at 597-98 (some internal citations omitted). That analysis applies directly here—if anything, with even more force, because defendant here was sentenced roughly 20 months before the defendant in *Banks*.

In sum, substantial factors militate in favor of exercising our discretion under *Ailes* to correct the sentencing error in this case, and none appears to militate against that correction.

Remanded for resentencing; otherwise affirmed.