On respondent's petition for reconsideration filed February 17, reconsideration allowed; former opinion (225 Or App 150, 200 P3d 607) withdrawn; affirmed April 1, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERTO VEGA RODRIGUEZ,
*Defendant-Appellant.*

Marion County Circuit Court
01C50641; A118029

205 P3d 89

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

The state seeks reconsideration of our decision in *State v. Rodriguez*, 225 Or App 150, 200 P3d 607 (2009) (*Rodriguez III*), arguing that our analysis and disposition are incorrect in light of the United States Supreme Court's subsequent decision in *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009). As explained below, we agree. We also reject defendant's remaining argument challenging his sentence and, accordingly, affirm defendant's convictions and sentence.

This case is on remand to us from the Oregon Supreme Court to consider whether we properly exercised our discretion, under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to correct an unpreserved sentencing error and to remand for resentencing. *State v. Rodriguez*, 201 Or App 94, 116 P3d 923 (2005) (*Rodriguez I*), *vac'd and rem'd*, 345 Or 316, 195 P3d 63 (2008) (*Rodriguez II*). In our previous decision on remand, we affirmed our original decision to remand for resentencing, and did so based on a conclusion that the court's imposition of consecutive sentences on defendant's convictions ran afoul of defendant's rights under the Sixth Amendment to the United States Constitution. *Rodriguez III*, 225 Or App at 153. We based our conclusion on the Oregon Supreme Court's decision in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), which has since been overturned by the United States Supreme Court. Given the intervening decision in *Oregon v. Ice*, we must now address the question that we did not reach in *Rodriguez III*, *viz.*, whether we should exercise our *Ailes* discretion to correct an unpreserved error made by the trial court when it imposed an upward departure sentence of 18 months' imprisonment on one of defendant's convictions based on its finding that the victim was more vulnerable than typical.

■■ In determining whether it is proper to exercise our *Ailes* discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing

hearing." *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). Where we are able to conclude that there would be "no legitimate debate" that a jury would find the facts necessary to support the enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.*

In this case, the trial court specified several factors in support of the departure sentence and specifically noted that the existence of any of those factors would, alone, be sufficient to support the departure sentence. *Rodriguez III*, 225 Or App at 152. One of the factors specified by the court was that the victim in this case was particularly vulnerable. Based on our review of the record in this case, including the evidence that the victim was a person with a mental disability, we conclude that a determination that the victim was particularly vulnerable is beyond legitimate debate. We thus conclude that, in this circumstance, defendant has no significant interest in resentencing and, accordingly, we decline to exercise our *Ailes* discretion to correct the sentencing error.

Reconsideration allowed; former opinion withdrawn; affirmed.