Submitted September 5, 2008, affirmed January 14, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NICHOLAS R. HENRY,
*Defendant-Appellant.*

Tillamook County Circuit Court
051093; A131740

201 P3d 217

Ingrid A. MacFarlane filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant was convicted of coercion arising out of a card game at the Tillamook County Jail. On appeal, defendant challenges only his sentence, which the trial court ordered to be served "consecutive[ly] to the sentences for previous crimes being served at the Department of Corrections pursuant to ORS 137.123(3)." Defendant argues that the trial court's imposition of a consecutive sentence under ORS 137.123(3) violated his right to a jury trial under the Sixth Amendment to the United States Constitution. *See State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008). We affirm, because any violation of defendant's right to a jury trial is harmless beyond a reasonable doubt.

In April 2005, defendant was incarcerated at the Tillamook County Jail along with the victim, Waldon. At some point in April or May 2005, defendant, Waldon, and others played a card game together in their jail pod. Defendant won the card game and Waldon, the dealer, was in charge of collecting the debts from the other players. When Waldon's collection efforts came up short, defendant told him to either scoot naked across the floor or go into a cell to fight. Waldon, who was fearful of the consequences of a fight, agreed to scoot naked across the floor. For his involvement in the incident, defendant was convicted of coercion.

At sentencing, the state contended that, because defendant committed the crime while he was incarcerated for another crime, the court was required to impose his sentence to run consecutively to his sentences for previous crimes, pursuant to ORS 137.123(3). That statute provides that, "[w]hen a defendant is sentenced for a crime committed while the defendant was incarcerated after sentencing for the commission of a previous crime, the court shall provide that the sentence for the new crime be consecutive to the sentence for the previous crime." ORS 137.123(3). Defendant objected to the imposition of a consecutive sentence on the ground that ORS 137.123(3) requires factual findings that, under the rule of law enunciated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000),

must be made by a jury. The trial court rejected defendant's argument and imposed a 24-month sentence to be served consecutively to the sentences that defendant was already serving.

On appeal, defendant reprises his argument that the trial court's imposition of a consecutive sentence violates his Sixth Amendment jury trial right under the rule of *Blakely* and *Apprendi*. The state, in response, argues that ORS 137.123(3) does not implicate that rule for two reasons. First, the state argues that a different subsection of ORS 137.123—namely, subsection (2)—gives the trial court unfettered discretion to impose a sentence to be served consecutively to any sentences imposed in previous cases. Thus, the state argues, the relevant "prescribed statutory maximum" for *Apprendi / Blakely* purposes is a consecutive sentence, and a consecutive sentence under ORS 137.123(3) therefore does not exceed the prescribed statutory maximum. Second, the state contends that the facts germane to the imposition of a sentence under ORS 137.123(3) fall within the "fact of a prior conviction" exception to the *Apprendi / Blakely* rule.[1]

We need not resolve in this case whether ORS 137.123(3) involves factfinding that violates defendant's jury trial right under the Sixth Amendment. As we recognized in *State v. Bowen*, 220 Or App 380, 384, 185 P3d 1129, *rev den*, 345 Or 415 (2008), we may affirm a defendant's sentence if any error in failing to obtain a jury finding in support of consecutive sentences was "harmless beyond a reasonable doubt." *See Washington v. Recuenco*, 548 US 212, 220, 126 S Ct 2546, 165 L Ed 2d 466 (2006) (*Apprendi / Blakely* error in failing to submit sentence-enhancement facts to a jury is subject to federal harmless-error analysis); *State v. Bray*, 342 Or 711, 724-26, 160 P3d 983 (2007) (applying federal harmless-error formulation in determining that *Apprendi/Blakely* error was not harmless).

In this case, any reasonable juror would have found the same facts as the trial court found with regard to ORS 137.123(3). That is, there is absolutely no question in this

---

[1] The state also argues that the *Apprendi / Blakely* rule does not apply to consecutive sentences, and that the Oregon Supreme Court's decision in *Ice* is wrong. That is an argument for a higher court.

case that defendant committed the crime of coercion while he "was incarcerated after sentencing for the commission of a previous crime." ORS 137.123(3). It was undisputed that all of the conduct for which defendant was convicted took place while defendant and the victim were incarcerated together at the Tillamook County Jail. The state also introduced into evidence a record of defendant's previous convictions that demonstrates that, at all times relevant to the charged conduct, defendant was serving a sentence for a 2002 conviction for felon in possession of a firearm. Given that evidence, we conclude that any violation of defendant's Sixth Amendment right to a jury trial—assuming that ORS 137.123(3) implicates such a right—was harmless beyond a reasonable doubt; "on this record, no reasonable factfinder could have determined otherwise." *Bowen*, 220 Or App at 383; *see also State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007) (explaining, in the context of determining whether to exercise discretion to correct plain error under *Apprendi/Blakely*, that the defendant's interest in a second hearing before a jury on sentencing factors is "minimal, if not nonexistent" where the evidence is not subject to legitimate debate).

Affirmed.